## WADDELL, ADM'R, v. CARLOCK.

41  523
61  549

1. LIEN: *Recited in promissory note for land.*

The recital in a promissory note given for land, that it "is to be a lien on the land until paid," does not make it a mortgage, or title bond, or lien of any character, other than attaches in equity to all notes of like character given for the purchase of land.

2. STATUTE LIMITATIONS: *Mortgage: Title bond: Vendor's lien.*

The lien of a mortgage, or title bond, is a legal lien—a right in the land—and may outlive the debt it secures, and be enforced *in rem* after the debt is barred by the statute of limitations. But a vendor's lien is a mere remedy—a creation of equity—resting upon no legal or contractual estate and cannot be enforced after the debt is barred.

APPEAL from *Yell* Circuit Court in Chancery.

Hon. GEO. S. CUNNINGHAM, Judge of the Circuit Court.

*J. T. Harrison*, for Appellant.

Though the debt was barred, the lien was not. *28 Ark.*, 27; *35 Ib.*, *68*; *29 Ib.*, *358*; *14 Ark.*, *634*; *25 Ark.*, *281–2*. While the note here is not precisely a mortgage, it is in the nature of a mortgage as between the parties.

It is not simply a vendor's lien created by equity, but is an express legal lien created by contract. *37 Ark., 315, 316, 317; 3 Otto, p. 199; 36 Ark., 111.*

*W. D. Jacoway,* for appellee.

An equitable vendor's lien cannot be enforced after the statute bar has attached to the debt. *Linthicum v. Tappscott, 28 Ark., 269.*

The language of the note saying it should be a *lien,* etc., added neither force nor dignity to it. The vendor's lien has no existence until established by a decree of a court of equity. It cannot exist separate and apart from the debt, and when the debt is barred, the lien is extinguished.

EAKIN, J. Seth J. Waddell, in his lifetime, sold lands by parol contract in Yell county to W. H. Carlock, put him in possession and received some property for part payment.

Afterwards, Seth J. Waddell died, and his administrator, to carry the contract into effect, on the thirteenth of July, 1874, conveyed the lands to Carlock by warranty deed, for the expressed consideration of six hundred dollars, which was recited to have been paid. A part of it, however, remained due, for which Carlock on the first day day of March, 1877, executed his note to the administrator, J. N. Waddell, for the sum of $333.20, due at one day. The note recited that it was given for the purchase money of the lands, describing them, and adding: "This note is to stand as a lien on said land until fully paid."

The administrator in August, 1882, and more than five years after the execution and maturity of the note, brought this suit to enforce an equitable vendor's lien. The defendant answered, setting up, amongst other things, the statutes of limitations of five years as to the note, and of seven years as to the land. A demurrer to the answer was over-

ruled, and the complainant resting, his bill was dismissed for want of equity. From this he appeals.

There were other defendant's holding under Carlock as to whom no issue was made.

The note, although it stated the fact that it was a lien, was not thereby made so, to any greater extent, or with any other legal effect, than it would have been by law. It was not a mortgage, for it conveyed nothing. Nor was it like a title bond, leaving the legal title in the hands of the vendor. It simply recited an equitable doctrine, applicable equally to all notes of like character, given for the purchase money of land. They are all liens, between the parties, for the purchase money, when the lien is not waived, and the expression of the fact on the face of the note did not give it any greater efficacy.

*1. Lien: Recital of in note for land, useless.*

Although the legal title vested in a mortgage, and that retained by a vendor by title bond, are securities for money, and dissolve away on payment; yet they are some-thing more than the equitable lien raised by a court of equity. They, to some extent, give a right in the property itself by virtue of a legal title, which cannot be taken from them, until the vendor fullfils his own obligations. They are legal liens, and may outlive the debt. That is, may be enforced after the debt is barred by the statute, but not after it has been satisfied. The possession of the mort-gagor, or vendee is consistent with this *jus in re* of the creditor, and the bar to its enforcement does not arise until the person in possession has, for the statuary period, asserted a right to the land, adverse to the lien, or done acts from which his intention to claim adversely may be implied. *Coldcleugh v. Johnson, Adm'r, et al, 34 Ark., 312.* This is upon the idea that he has attached to his legal title, such an interest in the land itself, as may be used to produce the sum of money for which it is bound, although after the bar of the debt he can have no personal decree.

*2. Statute of Limi-tations: Mort-gage. Ti-tle bonds, &c.*

*Vendor's lien is creature of equity and barred with the debt.*    The equitable vendor's lien is of a different nature. It rests upon no legal or contractual right, and is supported by no legal estate. It is the pure creation of courts of equity, having really no substantial existence until the courts are invoked to declare it, for the purpose of satisfying a debt. They will not raise it to galvanize a corpse, and revive a debt already declared dead by the policy of the law. True, it was held by Mr. CHANCELLOR BLAND, upon the idea that the vendor's lien was a trust in the land, that it was not barred with the debt (*1 Bland, pp. 236, 281, 491*), but that view has been generally rejected as clearly erroneous, and the better opinion seems to be that it is not a right of property, but a mere remedy, which cannot be applied after the debt has been barred. (See cases cited in the *American Notes to McReth v Simmons, in Leading Cases in Equity, vol. 1, p. 496, 4th Ed.*). This court has fully adopted the latter view. *Linthicum v. Tapscott, 28 Ark., 267.*

The answer presented a complete defense and the demurrer to it was properly overruled.

Affirm.

---

1. PUBLIC IMPROVEMENTS: *Meaning of, in sec. 4,438 Gantt's Digest.*