SOUTHWESTERN ARKANSAS & INDIAN TERRITORY RAILROAD COMPANY *v.* HAYS.

Opinion delivered January 9, 1897.

RAILROAD PROPERTY—MORTGAGE SALE.—The roadbed and rolling stock of a railroad company may be sold as an entirety under a mortgage, where the debtor requests it, and it can be done without prejudice to the creditor, although Const. 1874, art. 17, § 11, provides that the rolling stock and all other moveable property of any railroad company shall be considered personal property.

SAME—DECREE OF SALE.—The refusal of the chancellor, in a suit to foreclose a mortgage of the roadbed and rolling stock of a railroad company, to order the roadbed and rolling stock to be sold as an entirety, as requested by the mortgagor, is not error where it does not appear that all of the rolling stock is needed for the operation of the road, and where it was left to the commissioner's discretion to sell the property as an entirety or separately, as he might deem most expedient.

SAME—MODE OF SALE.—A decree foreclosing a mortgage on the roadbed and rolling stock of a railroad company which directs the commissioner to sell "all of said property" will not be held to require a sale of the roadbed and rolling stock separately merely because the court refused to specifically direct that they be sold together as an entirety.

INTEREST—NOTE OF RAILROAD COMPANY.—The mere fact that a note executed by a railroad company bears 10 per cent. interest does not bring it within Sand. & H. Dig., § 6268, under which railroad companies are prohibited from borrowing money at a rate of interest exceeding 7 per cent.

MORTGAGE SALES—APPRAISEMENT.—The act of March 17, 1879, which
regulates the sales of property under powers of sale contained in
mortgages and deeds of trust, providing for an appraisement of
the property and a sale for not less than two-thirds of the
appraised value, does not apply to a sale made under a decree of
court.

Appeal from Clark Circuit Court in Chancery.

RUFUS D. HEARN, Judge.

### STATEMENT BY THE COURT.

Suit in equity to foreclose a mortgage upon the
roadbed, rolling stock, and other property of the South-
western Arkansas & Indian Territory Railroad Com-
pany.

The plaintiff, John Hays, alleged in substance that
the defendant railroad company, being indebted to him,
did on the 4th day of August, 1890, execute and deliver
to him its promissory note for the sum of $10,000, pay-
able in two years, with 10 per cent. interest per annum
from date until paid; that to secure said note the defend-
ant company gave him a deed of trust upon its property,
said property being described in said deed as "all of the
property, real and personal, belonging to the South-
western Arkansas & Indian Territory Railroad Com-
pany, consisting of roadbed, right of way, cross ties,
iron and steel rails, depot buildings at Smithton, Oko-
lona and Hebron, rolling stock now on hand, and all
that said railroad may come into possession of during
the existence of this mortgage."

The appellant company appeared by its attorney,
but did not answer the complaint nor demur thereto.
The cause was heard upon the complaint, note and deed
of trust.   The court rendered judgment against the
defendant for $11,981.74, being the balance due on note
with interest at 10 per cent.; ordered the property con-
veyed by the deed of trust sold for the satisfaction of
said judgment ; appointed a special commissioner to

make the sale; ordered said commissioner to have said property appraised, and to sell at public auction after due advertisement. The court further ordered that if the property should not sell for two-thirds of its appraised value, the commissioner withhold it from sale, and report to the court, and further that defendant have the right to redeem the property, as provided by statute.

The defendant, at the time the decree was made, moved the court to make an order requiring the commissioner to sell all the railroad bed and rolling stock described in the trust deed in bulk as one property, and not separately, which the court refused to do, and defendant excepted and appealed. The plaintiff took a cross appeal, for the reason that the court required the commissioner not to sell the property for less than two-thirds of its value.

*J. H. Crawford* for appellant.

1. It was error to order the commissioner to sell the rolling stock, depot houses and railroad track separately. 3 Wood, Railroads, 434; 3 Dill. 412; 14 Bush, 425; 29 Am. Rep. 412; 3 Bush, 650; 127 Ind. 250; 70 Fed. Rep. 267.

2. Railroads cannot borrow money at a rate exceeding 7 per cent. Sand. & H. Dig., sec. 6268; 120 U. S. 287, 300. An act forbidden by statute cannot be made the foundation of a contract. 48 Ark. 489; 32 *id.* 619; 103 Ill. 460; 42 Am. Rep. 26. If not void, it is void as to the excess of interest. 55 Ark. 149, 159. It is not necessary that this objection appear upon the record. It may be made here for the first time. Sand. & H. Dig., sec. 5720; 12 Ark. 399; 25 *id.* 565; 58 *id.* 39; 96 U. S. 89.

3. There is no redemption from chancery sale. 60 Ark. 510. The commissioner could disregard the decree as to appraisement, etc.

*Tompkins & Greeson* for appellee.

There was no error in refusing to order the property sold in bulk. 20 N. E. Rep. 432. Sec. 6268, Sand. & H. Dig., does not apply. There is no limitation on a railroad to borrow money for legitimate purposes, with the one exception, an increase of capital stock. 1 Sand. Ch. p. 288; 23 Am. & Eng. Enc. Law, p. 383. Even if the act applied, the appellant cannot hold the money, and plead that its contract to repay is *ultra vires*. 1 Jones on Mortg. 127; 37 Cal. 543; 43 Iowa, 48; 101 Mass. 57; 63 N. Y. 69; 54 Tex. 125; 2 Am. & Eng. R. Cases, 443; 1 Rich. Law, 281; 98 U. S. 628; 24 N. J. Eq. 26; 29 Vt. 93; 83 Penn. St. 160; 96 U. S. 640; 125 Mass. 339; *ib.* 336; 6 Hill, 37; 96 U. S. 267; 101 *id.* 86; 120 U. S. 287; 19 Fed. Rep. 388. This objection cannot be made for the first time in this court. 54 Ark. 442. There is no appraisement nor right of redemption under the foreclosure sales in chancery. 60 Ark. 510.

*Mode of sale of railroad property.*

RIDDICK, J., (after stating the facts.) The appellant railroad company contends that the decree of the circuit court should be reversed, for the reason that the court refused to order the railroad bed and rolling stock described in the deed of trust sold in bulk as an entirety. While the decisions of some courts treat the rolling stock of a railway company as appurtenant to the roadbed, and a part of the same, yet the courts of this state cannot follow these decisions to that extent. The language of our constitution forbids them from doing so. It provides that "the rolling stock and all other moveable property belonging to any railroad company or corporation in this state shall be considered personal property, and shall be liable to execution and sale in the same manner as the personal property of individuals." Const. art. 17, sec. 11.

There are other states having similar provisions in their constitution, and the general purpose of such a

provision "is to enable general creditors of railroad corporations, whose claims may be small, to find property out of which their claims may be satisfied." Jones, Corporate Bonds and Securities, sec. 157.

But, notwithstanding this provision of the constitution requires us to treat this rolling stock as personal property, it was still within the discretion of the circuit court to have ordered the property covered by this deed of trust to be sold in bulk, as an entirety; for the deed, by its terms, seems to contemplate but one sale. We see no reason why the wishes of the debtor in this respect may not be followed, if it can be done with safety to the creditor, and without injury to others having claims against the company or its property. *Livingston* v. *Mildrum*, 19 N. Y. 440; *Campbell* v. *Ma-Comb*, 4 Johns. Ch. 534; *Wilmer* v. *Atlanta & Richmond Air Line R. Co.*, 2 Woods, 409; 2 Jones, Mortgages, secs. 1616, 1617; Jones, Corporate Bonds and Mortgages, sec. 634.

But we are not able to say that the circuit court committed an error in regard to this matter for two reasons: (1) We do not know the amount and value of the rolling stock included in the trust deed. We do not know the condition of this rolling stock, or whether all of it is needed for the operation of the road, or anything concerning it whatever. In the absence of any knowledge upon these matters, we are unable to determine whether it would be more beneficial to have the whole property sold as an entirety, or to have the rolling stock, or so much of it as may not be needed in the operation of the road, sold separately. (2) We are not certain that the court intended that the property should be sold separately. It will be noticed that the circuit court did not direct the commissioner to sell the roadbed and appurtenances thereto separately from the rolling stock, but only refused to specifically direct him not to sell

them separately. The decree, after describing the property as given in the trust deed, directs that the commissioner shall proceed to advertise and sell "all of said property." It would seem, from this language, that the intention of the court was that the property should be offered first as an entirety. The argument that the court intended that the roadbed and fixtures should be sold separately from the rolling stock is based altogether upon the refusal of the court to specifically direct that they be sold together as an entirety. But it is probable that the only object of this refusal was to permit the commissioner, in the event that no bids were received for the entire property, to then offer the real and personal property separately. We do not see that any harm would follow from allowing the property to be offered in this way, for such a sale is incomplete until confirmed by the court. It rests in the discretion of the circuit court whether the sale shall be confirmed or not, and this discretion would be exercised prudently and fairly in the interest of all concerned. 2 Jones on Mort. secs. 1637 and 1638.

*Interest recoverable on railroad note.* It is next said that the judgment should be reversed, for the reason that the court allowed interest upon the notes at the rate of 10 per cent. It is contended that, under our statute (sec. 6268, Sand. & H. Dig.), railroad companies have no power to borrow money at a rate of interest exceeding 7 per cent. per annum, and that the note sued on was void, at least for the interest in excess of 7 per cent. But, without going into a discussion of the meaning of the statute referred to, it is a sufficient answer to this contention to say there is nothing in the record to show that the note sued on was executed for borrowed money. It may have been executed for the purchase price of rolling stock, or for material used in the construction of the roadbed, or as a consideration for the construction of the roadbed and depot

houses, and in such a case the statute referred to would certainly have no application. And so we conclude that no error was committed against appellant.

In support of his cross-appeal, the appellee complains that the court ordered the commissioner to appraise the property, and not to sell it for less than two-thirds of its value. Whether the court, as a matter of discretion, and to avoid a sacrifice of property, might order the commissioner to appraise the property, and not to accept a bid below a certain proportion of its value, is a question we need not determine here. As the mortgage in this case confers the right to an absolute sale, it is doubtful whether the court could prevent such a sale by requiring that the property should be appraised, and not sell for less than two-thirds of its value. 5 Thompson, Corporations, sec. 6219.

Necessity for appraisement of mortgaged property.

But the language of the decree and the admission of counsel show that the circuit court did not make this order for appraisement as a matter of discretion, but was only following the mandates of a statute which was believed to apply to this sale. It was decided in *Martin* v. *Ward*, 60 Ark. 510, that the statute in question which regulates sales of property under powers of sale contained in mortgages and deeds of trust did not apply to sales under decree of court. The decree of the circuit court will therefore be modified to the extent that the commissioner may sell without appraisement. In other respects the decree is affirmed.