## PRIDDY & CHAMBERS v. SMITH.

Opinion delivered December 23, 1912.

1. VENDOR'S LIEN—REDEMPTION.—Under a decree and sale in chancery, enforcing a vendor's lien, there is no right of redemption under section 5420 of Kirby's Digest. (Page 82.)

2. VENDOR'S LIEN—NATURE OF LIEN—HOW ENFORCED.—A vendor's lien is a creation of equity and does not exist at law, and is enforced by a court of equity as a trust or as an equitable mortgage. (Page 80.)

Appeal from Yell Chancery Court, Danville District; *Jeremiah G. Wallace,* Chancellor; reversed.

*Priddy & Chambers,* for appellants.

From the expiration of the time fixed by the court in its decree in which to redeem, the appellees' right of redemption was barred.    66 Ark. 490, 492.

Sections 5416 and 5420 have reference to mortgages and deeds of trust only, and can not be extended to include a vendor's lien reserved in the deed.

*Sam Frauenthal,* for appellees.

The court correctly determined that the lien was an equitable mortgage.    The language used in the deed, viz: "It is hereby understood and expressly agreed that a lien is hereby retained on the lands hereinafter granted to secure the payment of the said residue of the purchase money so evidenced by said notes," made of the lien for the purchase money a matter of contract and not merely a lien by implication of law.    1 Jones on Real Estate Mortgages, § § 228, 229; 3 Pomeroy, Eq. Jur., § 1257; 51 Ark. 433; 3 Otto. (U. S.) 199; 37 Ark. 511; 60 Ark. 595; 91 Ark. 268; 93 Ark. 371; 97 Ark. 534.    If by the contract the property is made security for the debt, the right of redemption necessarily follows.    The mere fact that the debt was for the purchase money did not exclude this right of redemption, if the transaction securing the debt resulted also in an equitable mortgage. 53 Ark. 69.

By the statute, Kirby's Dig., § 5420, the right of redemption, which, as an equitable right, existed up to the time of the decree of foreclosure, or to the time fixed by the decree, was extended for one year beyond the date of sale.    Statutes giving the right of redemption should be liberally construed where the party asserting the right has done so in the time and manner named in such statutes.    99 Ark. 324; 10 Pet. 11; 27 Cyc. 1800.

McCULLOCH, C. J.    The question involved in this case is, whether or not the statute which confers the right of redemption "under an order or decree of the chancery court, * * * in the foreclosure of mortgages and deeds of trust," (Kirby's Digest, § 5420), applies to sales of property under decrees enforcing vendor's equitable liens.

A vendor's lien is the creation of equity and does not

exist at law. *Harris* v. *Haynie*, 37 Ark. 348; *Waddell* v. *Carlock*, 41 Ark. 523; *Stephens* v. *Shannon*, 43 Ark. 464. It is enforced by a court of equity as a trust or as an equitable mortgage. Does the statute apply to sales ordered for the enforcement of such rights? We hold that it does not, as it applies only to mortgages or deeds of trust legally speaking, and not such liens as are treated by courts of equity as equitable mortgages and enforced as such. A consideration of the language of the statute and its relation to prior statutes, as interpreted by this court, leads irresistibly to that conclusion. The act of 1879, as amended by the act of 1883, Kirby's Digest, § 5416, provides that at all sales of real property "under mortgages and deeds of trust in this State," the property sold thereunder may be redeemed by the mortgagor at any time within one year from the sale thereof. Notwithstanding the fact that the act broadly declares that at all sales of real property under mortgages and deeds of trust the right of redemption existed, this court held that the act did not apply to sales under decrees of court to foreclose mortgages. *Martin* v. *Ward*, 60 Ark. 510; *Southwestern Ark. & I. T. Ry.* v. *Hays*, 63 Ark. 355. Judge RIDDICK, speaking for the court, on this point said:

"Now a sale under a decree of court is not a sale under a mortgage or deed of trust. Although the decree may have been rendered in an action to foreclose a mortgage or deed of trust containing a power of sale, still a sale under such a decree is not controlled by, nor dependent for its validity upon, such power of sale, but upon the decree of the court." *Martin* v. *Ward*, *supra*.

The Legislature then enacted the statute now under consideration, extending the right of redemption to sales under decrees of chancery courts in the foreclosure of mortgages and deeds of trust. It is manifest that the Legislature merely meant to extend the right of redemption to decrees for foreclosures of mortgages, and not to all decrees enforcing liens or other equitable mortgages.

It is not accurate to say that a vendor's lien is an equitable mortgage, for such a lien is merely treated in equity as a mortgage and enforced as such. The manifest design of the Legislature in both of the statutes was to preserve the right of re-

demption under a legal mortgage, whether the foreclosure be made by a sale under the power contained in the instrument or by decree of the chancery court.

The decision already referred to shows that the holding of the court had been to give a restricted meaning to the statute, and not to enlarge it beyond its legal signification.

Another statute declares that "every mortgage, whether for real or personal property, shall be a lien on the mortgaged property from the time the same is filed in the recorder's office for record, and not before." Kirby's Digest, § 5396. But it has been held that the registration laws concerning mortgages have no application to equitable mortgages. *Martin v. Schichtl,* 60 Ark. 595.

The learned chancellor erred, therefore, in holding that appellees had the right to redeem the land in controversy from a sale under the former decree. The sale had been duly confirmed by the court and deed executed pursuant thereto before redemption was sought; therefore, no question arises as to the power of the court to refuse confirmation or to set aside the sale on other grounds.

The decree allowing the redemption, is, therefore, reversed and the cause remanded with directions to enter a decree denying the right of redemption.

### ON REHEARING.

McCulloch, C. J. It is conceded by learned counsel for appellee that a suit to enforce a vendor's lien is not within the statute allowing redemption after sale. But they say that we ignored their contention that the instrument which formed the basis of the foreclosure was not merely a vendor's lien, but was an equitable mortgage. The deed contained a recital of the vendor's lien so as to make the lien assignable under the statute. Kirby's Digest, § 510. That recital did not change the nature of the lien, nor did it add anything save what the statute prescribes. However, the reason we made no mention of this in the original opinion was, that we intended to base our decision on the broader ground that an equitable mortgage is not within the terms of the statute allowing redemption after sale. We do not mean to hold that a mortgage must contain a power of sale in order to fall

within the statute. But what we do hold is, that the instrument foreclosed must be one which is, or was intended by the parties to be, of the character that falls within the definition of the word "mortgage" in its legal sense. 27 Cyc. pp. 957 and 968; *Flagg* v. *Walker*, 113 U. .S. 659; Dateman's Appeal, 127 Pa. St. 348. Instruments of that class are the only ones to which the original act, conferring the right of redemption after sale, applied; and, as we stated in the opinion, the Legislature only intended to extend the right of redemption to the same class of instruments when foreclosed by decree in chancery.