## STANDLEY v. MASON.

Opinion delivered April 4, 1921.

VENDOR AND PURCHASER—FORECLOSURE OF VENDOR'S LIEN—REDEMPTION.
—Though a sale of land under contract to convey the same on payment of the purchase price constitutes a reservation of the legal title merely as security for the payment of the price, and though equity treats this form of transaction as having the same effect as a mortgage, it is not a mortgage in the strict sense of the term, and does not fall within the statute which allows a year for redemption from sales under mortgages or deeds of trust.

Appeal from Carroll Chancery Court, Eastern District; *B. F. McMahan,* Chancellor; affirmed.

*Johnson & Simpson,* for appellants.

The demurrer of appelleees admitted the allegations of the complaint. 104 Ark. 466. The complaint states facts sufficient to constitute a cause of action. The effect of the contract alleged was to create a mortgage on the lands in favor of the vendor, Mason. 13 Ark. 533; 15 *Id.* 188; 16 *Id.* 126; 27 *Id.* 61; 29 *Id.* 357; 34 *Id.* 113; 66 *Id.* 167; 84 *Id.* 160; 100 *Id.* 543. The relationship between appellant and James W. Mason was that of mortgagor and mortgagee, and Mason prosecuted one of the remedies given by law (13 Ark. 533), but the court, through error or oversight, cut off and barred appellant's right of redemption under the foreclosure sale. Appellant clearly had the right to redeem within one year. The

right to redeem must be clearly waived in the mortgage. Kirby's Digest, § 5420; 117 Ark. 412. The court erred in barring appellant's equity of redemption. 14 Ark. 633.

*Roy Thompson* and *F. O. Butt,* for appellees.

The only question at issue is whether or not a purchaser of land under a bond for title has any right of redemption after a sale under foreclosure to recover the purchase money. The decisions of this court settle the proposition adverse to the contentions of the appellant. 106 Ark. 79; 126 *Id.* 313; 139 *Id.* 218. The chancellor was correct in finding that appellant failed to show any equitable cause of action or right to relief.

McCULLOCH, C. J. The land in controversy was originally owned by appellee Mason, who entered into a written contract to sell the same to appellant Standley on the terms specified in detail in the contract. There was a default in the payment of the purchase price, and appellee sued in the chancery court to foreclose his lien. There was a decree foreclosing the lien, and the property was sold thereunder.

This is an action instituted by appellant to compel appellee to allow a redemption of the property, the right to which is claimed under a statute which provides that where land is sold under decree of the chancery court to foreclose a mortgage or deed of trust, "the mortgagor, his heirs or legal representatives, shall have the right to redeem the property so sold at any time within one year from date of sale," but that "the mortgagor may waive such right of redemption in the mortgage or deed of trust executed and foreclosed. Crawford & Moses' Digest, § 1411.

The question has been decided by this court against appellant's contention in the case of *Priddy* v. *Smith,* 106 Ark. 79. In that case the sale was to foreclose a vendor's lien, and we decided that the statute permitting redemption applied only to instruments in the form of mortgages or deeds of trust and not to equitable mortgages, but we stated in the opinion that the decision was

based "on the broader ground that an equitable mortgage is not within the terms of the statute allowing redemption after sale."

This rule was reaffirmed in the later case of *Bothe v. Gleason*, 126 Ark. 313.

A sale of land under contract to convey the same on payment of the purchase price constitutes a reservation of the legal title merely as security for the payment of the price, the same as if a conveyance had been executed and a mortgage given in return to secure the price. A court of equity treats this form of transaction as having the same effect as a mortgage. But it is not a mortgage in a strictly legal sense, and does not fall within the scope of the statute which allows a year for redemption from sales under mortgages or deeds of trust. The decree refusing to allow the redemption was correct, and the same is affirmed.