Argued November 7; affirmed December 20, 1946

# UNITED STATES PLYWOOD CORPORATION $v.$ ALEXANDER ET AL.

(175 P. (2d) 460)

*Nicholas Jaureguy,* of Portland (with Cake, Jaureguy & Tooze, of Portland, and McMicken, Rupp & Schweppe, of Seattle, Washington, on the brief), for respondent.

*Ralph E. Moody,* of Salem (with Bruce Spaulding, of Salem, on the brief), for appellant.

Before BELT, Chief Justice, and ROSSMAN, LUSK, BRAND and HAY, Justices.

BRAND, J.

For convenience we have referred to the defendant Alexander as "the defendant." The other parties named as defendants are not involved in the appeal.

By his two assignments of error, the defendant raises a single question. He contends: "The court erred in not treating the timber known as the Johnson-Farley as real property and subject to the right of redemption or decreeing a strict foreclosure and giving the appellant the right to pay respondent the amount due it within a reasonable time, or providing that the timber be sold and making provision for the equitable application of the proceeds of the sale," and that, therefore, the court erred in holding that the sale be absolute and free from redemption rights.

Assuming that the defendant acquired some interest in real property under the Johnson and Farley contract, we think it clear that such interest was nothing more than an equitable estate. As stated by the defendant in his brief, "it is patent that the title has at all times *remained* in Johnson and Farley." It follows that, by virtue of the assignment to the plaintiff of the Johnson and Farley contract, plaintiff could have acquired nothing more than a lien on an equitable interest. The decree foreclosing that lien was entered on the 14th day of August, 1945. The Johnson and Farley contract provided that "all rights of the Purchaser in said timber shall cease and determine * * * in any

event not later than July 19, 1946.'' Thus the statutory right of redemption for one year could not have applied in this case, for all rights of both defendant and plaintiff in or to the timber would have expired before the expiration of the time for redemption.

■ Again, assuming without deciding that the plaintiff had a lien upon an estate in realty, we think it clear that such interest was ''an estate less than a leasehold of two years' unexpired term.''

''Upon a sale of real property, when the estate is less than a leasehold of two years' unexpired term, the sale shall be absolute. * * * '' O. C. L. A. § 6-1601.

It is true that the estate was not a leasehold, but it was less than a leasehold and the unexpired term was less than two years. Still assuming that the defendant had acquired some interest in real property, we believe it follows under the provisions of the statute that the sale was properly made without right of redemption. Under the ruling of *Sandy Holding Co. v. Ferro,* 144 Or. 466, 25 P. (2d) 561, and of the cases therein cited, it is clear that after July 19, 1946, the defendant would have no right of redemption or otherwise against Johnson and Farley as to timber remaining upon the tract at that date.

■ Since plaintiff's interest was at most a lien on an equitable estate subject to absolute termination on July 19, 1946, it was not such an interest as could have been subject to execution upon a judgment. *Holmes v. Wolfard,* 47 Or. 93, 81 P. 819. The statute provides that ''a decree of foreclosure shall order the mortgaged property sold, and property sold on execution issued upon a decree may be redeemed in like manner and

with like effect as property sold on an execution issued on a judgment, and not otherwise." O. C. L. A. § 9-507. Since the interest of the defendant would not have been subject to execution on a judgment, it is a reasonable conclusion that it was not subject to redemption under the statute.

In *Priddy & Chambers v. Smith,* 106 Ark. 79, 152 S. W. 1028, 44 L. R. A. (N. S.) 285, the question before the court was whether or not on a foreclosure of a vendor's lien the statute gave any right of redemption. The court said:

" * * * It is manifest that the Legislature merely meant to extend the right of redemption to decrees for foreclosures of mortgages, and not to all decrees enforcing liens or other equitable mortgages." *Priddy & Chambers v. Smith,* supra.

In a petition for rehearing it was contended that "the instrument which forms the basis of the foreclosure was not merely a vendor's lien but was an equitable mortgage." The court held that the sale was not subject to redemption and said:

"However, the reason we made no mention of this in the original opinion was that we intended to base our decision on the broader ground that an equitable mortgage is not within the terms of the statute allowing redemption after sale. We do not mean to hold that a mortgage must contain a power of sale in order to fall within the statute. But what we do hold is that the instrument foreclosed must be one which is, or was intended by the parties to be, of the character that falls within the definition of the word 'mortgage' in its legal sense." *Priddy & Chambers v. Smith,* supra.

See also *Standley v. Mason,* 148 Ark. 141, 229 S. W. 3.

 It is a familiar principle that the right of redemption has no existence in the absence of statute. *Higgs v. McDuffie,* 81 Or. 256, 157 P. 794, 158 P. 953. In the case at bar, as in *Priddy & Chambers v. Smith,* supra, the plaintiff had nothing more than a right to foreclose a lien against the equitable estate of the defendant, and, under the conditions shown, we find no authority which would confer on the defendant the right of redemption after sale on foreclosure. The usual and statutory procedure for foreclosure of liens is by decree adjudging that the property be sold to satisfy the debt. O. C. L. A. § 9-501. If, as in the case of a suit by a vendor to foreclose a lien against a defaulting vendee, a court may choose between strict foreclosure and foreclosure by sale (*Sheehan v. McKinstry,* 105 Or. 473, 210 P. 167, 34 A. L. R. 1315; *Marquardt v. Fisher,* 135 Or. 256, 295 P. 499, 77 A. L. R. 265), still we would hold that there was no abuse of discretion in ordering foreclosure by sale.

██ We have assumed that the contract between the defendant and Johnson and Farley created in the defendant an interest in land. It is unnecessary to decide whether that assumption is correct. The Uniform Sales Act provides that the term "goods" "includes emblements, industrial growing crops, and things attached to or forming part of the land which are agreed to be severed before sale or under the contract of sale." O. C. L. A. § 71-176. The agreement between the defendant and Johnson and Farley provided that the defendant should commence logging operations as soon as practicable and "carry on said operations as continuously as weather, market and labor conditions permit until the complete removal of

the merchantable timber on said premises," but "not later than July 19, 1946."

If under the statute and agreement the timber is to be deemed personal property, then no citation would be necessary to demonstrate that the sale thereof should be without right of redemption. Upon either theory the decree of the circuit court was right. That decree is affirmed, and the plaintiff will recover its costs.