Argued April 6, affirmed June 16, 1971

BANTEIR ᴇᴛ ᴜx, *Respondents, v.* HARRISON,
*Appellant.*

485 P2d 1073

Charles H. Foster, Judge.

*R. L. Marceau*, Bend, argued the cause for appellant. With him on the brief were McKay, Panner, Johnson, Marceau & Karnopp, Bend.

*Robert F. Nichols*, Lakeview, argued the cause and filed the brief for respondents.

Before McAllister, Presiding Justice, and Denecke, Holman, Tongue, Howell and Bryson, Justices.

HOWELL, J.

Plaintiffs filed this suit seeking specific performance of an alleged agreement to convey a fifty-percent interest in a tavern to plaintiffs or, in the alternative, to grant plaintiffs a judgment for $1400 against the defendant in the event defendant was unable to convey her interest to plaintiffs. The trial court entered a decree denying specific performance, but granted plaintiffs a judgment for $1400, and the defendant appeals.

The facts are generally undisputed.

Plaintiff Charles Banteir and the defendant each owned a one-half interest in a tavern in Christmas Valley, a desert area in southeastern Oregon. In 1964 the plaintiff, Charles Banteir, agreed to sell his interest to defendant for $10,000. By May, 1966, the defendant had paid $8600 on the purchase price, leaving a balance of $1400. At that time the defendant executed the following instrument, which was prepared by the plaintiffs:

"14 May 1966

## "PROMISSORY NOTE

"I Delores Williams promise to pay Charles or Lola Banteir $1400.00 in full on 1 Dec. 1966 for final payment of sale of Tavern located at the Westerly eighty feet (80') of Lot Three (3) Christmas Valley Unit Three (3) as recorded in Book 2, page 35 of Records of Lake County, Oregon.
"If sum of $1400.00 not paid on 1 Dec. 1966 Delores Williams will transfer 50% interest in said tavern & cafe to Charles or Lola Banteir.

/s/ Delores Williams"

At the time the above instrument was executed, there also existed an outstanding debt of $11,000 owed on the tavern property to M. Penn Phillips Company, the developer of Christmas Valley.

The defendant's tavern business proved to be a losing venture, and after six months she closed the tavern and moved to Bend in November, 1966. She also failed to pay the $1400 to plaintiffs on December 1, 1966.

The defendant testified that in January, 1967, she called plaintiff and told him she had not been able

to make the payments on the tavern and if he "owned any part of it, he better come and get it." According to the defendant, the plaintiff said "he didn't want no part of it."

The following spring the defendant decided she would make another attempt to operate the tavern, and entered into a new contract with M. Penn Phillips Company. After making several payments on the new contract and investing in new tavern equipment, the defendant's second venture proved as unsuccessful as the first and defendant finally closed the tavern.

Plaintiffs filed an original complaint in law seeking a judgment of $1400 on the agreement of May 14, 1966. The defendant demurred on the ground the complaint did not state a cause of action. Defendant argued that the agreement provided that if the $1400 was not paid, she would transfer her interest in the tavern to plaintiffs; therefore, according to defendant, the plaintiffs' remedy is restricted to a recovery of the defendant's interest in the tavern.

The demurrer was sustained, and plaintiffs filed an amended complaint in equity to require defendant to convey to plaintiffs her fifty percent interest, or, in the alternative, "if defendant is unable to make such a conveyance" that plaintiffs be awarded a judgment against defendant for the $1400 obligation.

While the defendant contended in support of her demurrer that plaintiffs' remedy was restricted to a reconveyance of the defendant's interest in the tavern, at the trial defendant contended that plaintiffs had waived any right to reconveyance when they refused defendant's offer to "come and get it" after the defendant's first unsuccessful operation of the tavern. However, also at the time of trial, defendant again

offered to reconvey, but with the proviso that plaintiffs pay one-half of the expenses incurred by defendant in her second unsuccessful operation of the tavern.

The trial court in a memorandum opinion found that the provision in the agreement that defendant would "transfer 50% interest in tavern & cafe" in the event she did not pay the $1400 obligation was too indefinite to support a decree of specific performance, and further, that plaintiffs' request for specific performance was also barred by laches. However, the trial court found that the evidence conclusively showed that the defendant owed the $1400 balance on the note, and entered a judgment for that amount in favor of plaintiffs.

In this court the defendant admits that the trial court properly denied specific performance, but argues that the trial court's award of a judgment for $1400 was "contrary to the equities of the case." According to defendant, the plaintiffs' only recourse when defendant did not pay the $1400 was to recover the defendant's interest in the tavern.

We decide that the agreement of May 14, 1966, was a security agreement. The defendant's promise to pay plaintiffs $1400, the balance of the purchase price, was secured by defendant's interest in the tavern.

1. The plaintiffs were in the same status as purchase money mortgagees. Upon default, the holder of the mortgage note may waive the mortgage and bring an action on the note. If the purchase money mortgagee elects to foreclose the mortgage, he is barred from bringing an action on the mortgage debt, or he may obtain a judgment on the mortgage debt, in which case he loses his mortgage lien. *Ward v. The Beem Corp.*, 249 Or 204, 437 P2d 483 (1968), and cases cited therein.

2. It was the plaintiffs herein, not the defendant, who were entitled to make the election to proceed against the security or to seek recovery on the debt. The defendant was not entitled to restrict plaintiffs to recovering the tavern, particularly when the tavern was closed and the doors had been locked by M. Penn Phillips Company. The plaintiffs were entirely within their rights in refusing to proceed against the security.

3. Moreover, the plaintiffs were not seeking two remedies—the recovery of the defendant's interest in the tavern plus a judgment on the note. The plaintiffs did not elect the remedy of foreclosure which would have precluded them from recovering a judgment on the note. *Ward v. The Beem Corp., supra; Wright v. Nothnagel,* 163 Or 156, 160, 96 P2d 228 (1959). While the plaintiffs' suit requested a conveyance to plaintiffs of defendant's interest in the tavern, the plaintiffs' complaint also requested the alternative relief of recovery on the note in the event plaintiffs were not entitled to a conveyance of defendant's interest. This did not constitute an election to pursue the remedy of foreclosure. *Union Trust Co. of Spokane v. Wiseman,* 10 F2d 558 (D Or 1926). The trial court properly awarded plaintiffs a judgment on the note.

Affirmed.