Argued and submitted July 16, affirmed December 15, 1982

EMCO INVESTMENT, INC.,
*Respondent,*
*v.*
VADEN,
*Defendant,*
*and*
BERNARD,
*Appellant.*

(No. 6406-L, CA A22532)

655 P2d 220

David W. Harper, Robert B. Hopkins, and Keane, Harper, Pearlman and Copeland, Portland, filed the briefs for appellant.

Charles R. Markley, Portland, argued the cause for respondent. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

Thornton, J., specially concurring.

## VAN HOOMISSEN, J.

In this appeal from a judgment in an action on a land sale contract, petitioner, the purchaser under the contract, challenges the remedy ordered by the trial court for the purchaser's failure to perform. No assertion is made that a default did not occur or that the vendor is not entitled to relief. The vendor requested specific performance of the terms of the contract and, in the event purchaser failed to abide by the decree, a sale of the property.

To preserve the vendor's equitable lien, the court ordered vendor to tender a deed into court and ordered purchaser to pay the balance due under the contract within 90 days after entry of judgment. If the payment were not timely made, the deed was to be returned to vendor, who would then have a money judgment against purchaser for the amount due under the contract, and the property would be sold at a sheriff's sale. The purchaser at the sale, however, would be awarded a conveyance rather than just a certificate of sale, and no right of redemption following the sale would be allowed. Vendor would also be entitled to a deficiency judgment against the purchaser for any portion of the judgment not satisfied out of the proceeds of the sale.

In *Renard v. Allen,* 237 Or 406, 391 P2d 777 (1964), the Supreme Court ordered a similar remedy upon default by the purchaser under a land sale contract:

"This reasoning, in effect, results in the unpaid vendor being granted alternative remedies. He can secure a decree for the balance of the unpaid purchase price, and tender a deed. If the purchaser pays the balance, the deed is delivered to the purchaser. If the purchase price is not paid, the vendor may have his alternative remedy,—he may have his lien foreclosed, the property sold, and the proceeds applied upon his judgment for the purchase price.

"There is nothing inconsistent in this procedure. If a specific performance decree is complied with by the purchaser-defendant, the vendor gives up his lien and puts complete title, both legal and equitable, in the purchaser. However, until the purchaser pays the unpaid balance, legal title remains in the vendor and there is no reason why he should not retain his lien although he has a judgment

for the balance of the purchase price. The vendor's lien is to secure the purchase price, and the price is not paid merely because a judgment is entered for the balance. * * *

"  * * * * *

"There is nothing inequitable, i.e., 'unfair,' about such procedure. By entering a decree for specific performance the court has transferred an obligation assumed by contract into a judgment. If the purchaser does not pay this obligation, it is reasonable that the property should be sold; the lien on the property was created to insure payment if the purchaser did not pay this obligation." 237 Or at 415-17.

The *Renard* court also allowed entry of a deficiency judgment if the net proceeds of the sale were insufficient to satisfy the money decree. The court held that the statutory prohibition against deficiency judgments in mortgage foreclosures did not apply to the purely equitable remedies of specific performance and enforcement of a vendor's lien.

Petitioner contends that the trial court's decision results in "an improper form of hybrid relief that well illustrates the inadequacy to date of appellate consideration of the remedy of specific performance of land sales contracts." Petitioner contends that it is inequitable for the vendor to receive both a deficiency judgment and retention of his security, while avoiding a right of redemption. The *Renard* decision does allow a vendor to combine two forms of relief that a purchase money mortgagee must pursue separately and apparently allows a contract vendor to sue on the debt, receive the equivalent of a judgment lien and also obtain a deficiency judgment if the property sold does not satisfy the judgment. Having chosen to sue on the debt, however, the vendor is apparently allowed to retain his security and priority on the property involved in the contract. This allows the vendor to achieve what a purchase money mortgagee cannot. If a purchase money mortgagee elects to obtain a judgment on the mortgage debt, he loses his mortgage lien. Although the mortgagee still could execute on the mortgaged land, he would no longer have the benefit of the priority established by the mortgage lien and would have to compete with other creditors for the debtor's assets. *Banteir v. Harrison,* 259 Or 182, 186, 485 P2d 1073

(1971); *Ward v. The Beem Corp.,* 249 Or 204, 209, 437 P2d 483 (1968).

> "* * * In other words, the vendor has the best of all worlds— *unless* the vendee (judgment debtor) is entitled to redeem under the statutory right of redemption (ORS 23.560), a question which has not been decided in Oregon. * * *" *Braunstein v. Trottier,* 54 Or App 687, 693, 635 P2d 1379 (1981), *rev den* 292 Or 568 (1982). (Emphasis in original.)

While not deciding this issue directly, Oregon cases do suggest that no redemption period is allowed. In *McCracken v. Walnut Park Garage, Inc.,* 156 Or 697, 68 P2d 123 (1937), the Supreme Court, without addressing the question of applicability of the redemption statutes, upheld a lower court decision that ordered a sale that did not allow for statutory redemption. In *U.S. Plywood Corp. v. Alexander,* 180 Or 174, 175 P2d 460 (1946), the court quoted with approval an Arkansas case that held that no statutory right of redemption exists following a sale on foreclosure of an installment contract. *See Priddy & Chambers v. Smith,* 106 Ark 79, 152 SW 1028 (1912). *U.S. Plywood* also noted that, in the absence of a statute specifically creating a right to redeem, no right of redemption exists. The Supreme Court has decided in at least two instances that the statutory scheme which governs mortgages does not apply to equitable remedies in land sale contracts. The *Renard* decision held that remedies under installment contracts are purely equitable and independent of any statute. The *Renard* court used this reasoning in holding that the anti-deficiency statutes did not bar a deficiency judgment after a decree has been entered granting specific performance and providing for a sale of the property if the decree is not paid. In *Herrmann v. Churchill,* 235 Or 327, 385 P2d 190 (1963), the court indicated that the statute requiring a foreclosure by sale did not apply to equitable liens. We conclude that, under judicial interpretatons, no statutory right of redemption exists following the foreclosure of an equitable lien.

As we pointed out in *Braunstein,* judicial moldings of the vendor's remedies under a land sale contract may have

" * * * turned a useful device, intended to create a vendor's lien to secure payment of the balance of the purchase price, into a security device so overweighted in favor of the vendor that it may make the land sale contract too oppressive to be a useful device." *Braunstein v. Trottier, supra,* 54 Or App at 693-94. (Footnote omitted.)

Judicial tolerance of the vendor's remedies under the installment contract have long been criticized. See the articles collected in Randolph, *Updating the Oregon Installment Land Contract,* 15 Will L J 181, 183, n 4 (1979). Strengthening the vendor's remedies appears especially harsh when one considers that the buyer in an installment contract often is unable to obtain conventional financing, is usually not represented by a lawyer and has very little practical input into the terms of what is usually a pre-printed contract. The rights, duties and interests of the parties to a land sale contract are creations of the courts, however, and the remedy approved by the trial court for the vendor in this case is sanctioned by the Supreme Court's decision in *Renard v. Allen, supra.* While Judge Thornton notes in his specially concurring opinion that our decision in *Braunstein v. Trottier, supra,* criticizes the Supreme Court's holding in *Renard* and that court's other judicial moldings of remedies involving land sale contracts, we also noted in *Braunstein* that "[w]hether, and how, the law is to be changed is up to that court." *Braunstein v. Trottier, supra,* 54 Or App at 699.

Affirmed.

**THORNTON, J.,** specially concurring.

I agree that *Renard v. Allen,* 237 Or 406, 391 P2d 777 (1969), dictates the result reached in the majority opinion. In my view, however, a vendor's lien under a land sales contract should be enforceable only through judicial proceedings, absent a voluntary relinquishment by the vendee of his rights in the subject property. For the reasons more fully explained by Buttler, P. J., in his decision in *Braunstein v. Trottier,* 54 Or App 687, 635 P2d 1379 (1981), *rev den* 292 Or 568 (1982), it is my opinion that on principle a purchaser under a land sale contract should be entitled to the same benefits to which he would have been entitled in a strict foreclosure proceeding.