Submitted on record and briefs February 27, affirmed August 6, 1986

COOLEY et al,
*Respondents,*

*v.*

POWERS et ux,
*Appellants.*

(16-84-05906; CA A36246)

723 P2d 348

E. B. Sahlstrom, Eugene, filed the brief for appellants. With him on the brief was Sahlstrom & Dugdale, Eugene.

Lawrence F. Cooley, Eugene, filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits*, Judges.

PER CURIAM

_____

* Deits, J., *vice* Warden, J.

## PER CURIAM

Defendants appeal from judgments ordering specific performance of a land sale contract, entering judgment for the unpaid balance, ordering a sheriff's sale without right of redemption if the judgment is not paid and specifying that plaintiffs could execute on any deficiency.

Our review of the record convinces us that the remedy of specific performance is not so harsh or oppressive in this case that it should be denied. *Renard v. Allen,* 237 Or 406, 418, 391 P2d 777 (1964). No statutory right of redemption exists following foreclosure of an equitable vendor's lien even though the vendor may obtain a deficiency judgment. *Emco Investment, Inc. v. Vaden,* 60 Or App 762, 655 P2d 220 (1982).

Affirmed.