**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROY TEEPLES, an individual, | No.    16-35161 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-02023-KI |
| v. | |
| RCO LEGAL, P.C., a Professional Corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted March 7, 2018[**]
Portland, Oregon

Before:  FISHER, N.R. SMITH and HURWITZ, Circuit Judges.

Roy Teeples appeals the judgment of the district court dismissing his

complaint under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.

§ 1692 *et seq.*  We have jurisdiction under 28 U.S.C. § 1291, we review de novo,

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

*see Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004), and we affirm.

The steps RCO Legal took to judicially foreclose on Teeples' home were not taken "in connection with the collection of any debt" under the FDCPA, 15 U.S.C. § 1692e. For purposes of § 1692e, "'debt collection' refers only to the collection of a money debt." *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017). RCO Legal was attempting only to retake and resell the security, not to collect money from Teeples. *See id.*

Teeples points out that the foreclosure judgment RCO Legal submitted to the state court included a "judgment and money award" against Teeples "in the amount of $235,489.87." This language appears to have been included in error, *see* Or. Rev. Stat. § 88.010(1)(a) (stating a judgment of foreclosure must "include a declaration of the amount of the debt that the lien secures"); *id.* § 86.797(2) (stating "a judgment to foreclose a residential trust deed under ORS 88.010 may not include a money award for the amount of the debt"), but this does not show RCO Legal was actually engaged in debt collection. Teeples' complaint contains no allegation that RCO Legal was attempting to collect money from him, and Oregon law bars any such attempt. *See* Or. Rev. Stat. § 86.797(2); *Banteir v. Harrison*, 485 P.2d 1073, 1075 (Or. 1971) ("If the purchase money mortgagee

2

elects to foreclose the mortgage, he is barred from bringing an action on the mortgage debt . . . ."). State law, therefore, precluded RCO Legal from enforcing a money judgment against Teeples. *See Dowers*, 852 F.3d at 970 n.2.

**AFFIRMED.**