WILLIAM O. HEACOCK *et al.*, Plaintiffs in Error, *v.* HENRY L. SWARTWOUT, Defendant in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

Where a conveyance is a mortgage, to secure a loan of money, the mortgagee has a right to a return of his money with six per cent. interest, or, in default, to have the land sold on foreclosure. The mortgagor is entitled to a conveyance upon fairly reimbursing the mortgagee, but he is not entitled to any penalties because of usury in the loan.

THE bill of complaint of Swartwout sets forth and avers, that on the 31st of October, 1855, he, Swartwout, became the owner, and held a certificate duly made and issued by the board of trustees of the Illinois and Michigan Canal, of a purchase of a lot of land, viz., South half south of canal, Section 23, Township 38 north, of Range 12 east of third principal meridian, containing 300 acres. That being such owner, he did on that day make and execute a certain agree-

ment with William O. Heacock, by which it was agreed that after Swartwout had procured a deed of said land from said canal trustees, he would cause the said title so procured to be conveyed to said Heacock, by a good and sufficient deed of conveyance, conveying as good and clear a title as he should receive, upon Heacock paying to him certain sums of money, (naming them); also avers, that Heacock accepted such agreement, and then and there promised to make said payments.

That Heacock, on the 24th day of August, 1857, sold to Andrew Garrison one undivided half part of all his right and interest in and to said contract, and Andrew Garrison conveyed that half part to Isaac D. Garrison.

That Heacock paid on said contract, May 26, 1856, $75, and on the 27th day of May, 1857, $335.68.

Alleges, that Swartwout has obtained of the canal trustees a good and legal title to said lands, and now has the same.

Also alleges, that he has made demand of Andrew Garrison and said William O. Heacock, for the balance due upon said contract, or to cancel or surrender the same, which they refused to do.

Avers, that he has at all times been ready and willing to execute and deliver to said Heacock, or his assignees, a conveyance, according to the terms of said contract, on making the payments according to the terms and conditions of said contract.

Avers, that defendants refused to pay the taxes for 1858 and 1859, and that complainants had to pay them.

Asks answer to be made under oath, and prayed that the said defendants be decreed to pay the amount now due and unpaid, with interest thereon upon the contract made with Heacock, referred to in bill of complaint, together with the amount he paid for taxes, by a short day to be expressed by the court, or, in default thereof, that said contract be decreed to be terminated, and the defendants forever precluded and foreclosed from any right and remedy under said contract, and from the right to a specific performance of said contract, or in any way enforcing the same, and from redeeming said land, and that said contract be entirely annulled, and the title

to said property therein mentioned absolutely vested in Swartwout, or for such further or such other relief as the court shall deem proper.

William O. Heacock, Andrew Garrison and Isaac D. Garrison, were made defendants.

The answer of William O. Heacock, and Andrew Garrison, defendants, under oath, admits that there was a contract, dated October 31, 1855, but denies that Swartwout was the owner of the said certificate; denies that said contract was of the effect set forth in the bill of complaint; and sets forth, that on that day William O. Heacock was the owner of said certificate, and that said Swartwout received the assignment thereof, for the sole purpose of securing the sum of two thousand dollars, to be thereafter lent by Swartwout to said Heacock, at the usurious rate of interest of fifteen per cent. per annum; and that upon such usurious agreement, and assignment of said certificate, Swartwout made, executed and delivered to Heacock an agreement, stating that " in consideration of the payments hereinafter to be made, on the part of said Heacock, I agree to take up the two notes given by said Heacock to said trustees, according to the terms thereof, and as specified in said certificate, and said notes are thereby paid in full and to be delivered up and cancelled; and I also covenant and agree to and with said William O. Heacock, that after I have procured the said deed in said certificate mentioned, I will cause the said title so procured by me of said trustees, of said land above mentioned, to be conveyed to said William O. Heacock, his heirs or assigns, by a good and sufficient deed of conveyance or instrument in writing, assuring and conveying to him as good and clear a title as I shall or may receive from said trustees by reason of said certificate and assignment above mentioned, upon his paying to me, and the same is on the express condition of his paying to me, the following sums of money, and at the times expressed as follows: (setting them out); the said moneys being paid as aforesaid, the said deed or conveyance as aforesaid mentioned to be given by me to said Heacock as aforesaid, is to be made and delivered to him."

Defendants admit the conveyance to Andrew and Isaac D. Garrison.

Payments by Heacock on the contract are admitted, and also the additional sum of $5.32 paid, not credited by Swartwout.

The defendants say, that on the 31st day of October, 1855, said certificate, being the property of said Heacock, was assigned by him to said Swartwout for the security of the payment of money then lent and to be lent and advanced by Swartwout to Heacock, upon the illegal and usurious rate of interest of fifteen per cent. per annum, and upon no other consideration whatever; that said Swartwout had not any other ownership to said certificate but as security as aforesaid; and that giving the assignment of said certificate to Swartwout, and the above obligation by him to Heacock, were concurrent acts and the same transaction, and were made and done to cover the said usurious transaction, and to secure the payment of said usury and the principal sum to be lent—stating the amounts loaned by Swartwout to Heacock, and the rate of interest paid, etc.

That after said notes became due, and when paid, Swartwout should hold the land for the security for the payment of said sum of money and said notes, the whole together to be a loan of two thousand dollars, and to bear interest at the rate of fifteen per cent. per annum.

Defendants claim and insist, because of such usury, all advantages, as if they had specially pleaded the same, of the statutes then and now in force, in regard to the rate and the rights, penalties and forfeitures granted and given by virtue of the same.

Defendants also insist that Swartwout ought not to retain the title to said land, nor they foreclosed, because of his usury and oppressive conduct, or be allowed to declare said obligation on their part forfeited, as, by his declaring ownership of the said land, and serving public notice in 1858 of his ownership, he hindered defendants from selling the same for the benefit of Heacock's creditors, and that defendant be now allowed the full time, if any part of said principal shall be found unpaid, to pay the same.

That Swartwout has never offered to return said notes, and defendants have no knowledge of the same being cancelled or paid.

Deny that Swartwout paid any taxes, and insist that it was his duty to do so, and that he has no claim on them therefor.

Defendants show, that several acres of the land have been taken for the track of Chicago and Joliet Railroad Company, who have constructed their track across the land, and fenced the same, and now have become the owners of the whole so fenced, some six rods wide, and taken ten acres of said land; that said railroad company, by legal proceedings and through Swartwout, has become the owner of the land so taken by it, and that neither of said defendants have received anything because of the land so taken, or any damages in the premises, and are now barred from all claim of damages as against the company; and defendants insist, if the court should still deem that said Swartwout has it in his power to make a title, as he agreed, the above amount of one thousand dollars, the value of the land so taken, and the damage aforesaid, be allowed them as so much payment on the principal sum above mentioned.

A replication was filed.

*W. O. Heacock,* one of the defendants, testified, that he was one of the parties to this suit, and he further testified to all the facts as stated in the answer; that he received but $1,000— how he received the same, that Swartwout was to take up the two notes, making in all a loan of $2,000, and that although written as payments, the first payment and all of them meant the usury of fifteen per cent. per annum; that giving the assignment of the certificate and contract and of Swartwout to him, was one and the same usurious transaction; also testified to the fact that he had paid the sum of $5.32 more than complainant had given him credit for.

The court below decreed, that the said contract above referred to and hereinafter set forth, be and is hereby terminated and annulled, and defendants each of them foreclosed from the right of redeeming the premises mentioned in said contract, and from the right of specific performance of said

contract, or in any way of enforcing the same—unless the said defendants, or some one of them, shall, within ninety days from the date of this decree, pay unto the clerk of this court, the sum of $3,449.24, with interest thereon, from December 2, 1861, at six per cent. ; but if defendants shall pay said sum of money, then complainant shall make and deliver a good deed to defendants of the land in question, and convey unto them the same title he received by reason of said certificate referred to in said contract, which contract is in the words and figures following : (here is inserted the contract as set forth in defendants' answer.)

The defendants below brought error.

A. GARRISON, for Plaintiffs in Error.

The court erred in not decreeing and finding, upon the answer and proofs, that said assignment of certificate and contract was a mortgage—then how much was equitably due from Heacock to Swartwout, and if any amount was found due, decreeing sale, thereby allowing defendants and their creditors to bid or redeem pursuant to the statute. 1 vol. P. S., p. 156, sec. 12, p. 647, sec. 24 ; 15 J. R. 205 ; 14 Ill. 128 ; 23 Ill. 648 ; 2 Cowen, 324 ; 4 Scam. 156 ; 2 Caines' Cases, 124 ; 3 Gilm. 547 ; 21 Ill. 570 ; 15 Ill. 528, 553.

The contract, which recites that Heacock has this day assigned the certificate of purchase, in consideration whereof Swartwout agrees to reconvey on payment of, etc., is itself a mortgage. *Waters* v. *Mynn*, 14 Jur. 341 ; 1 Hilliard on Mortgages, 29, 30, 31 ; 12 Mass. 456 ; 7 Watts, 401 ; 2 Mass. 493 ; 7 Humph. 431.

The agreement alone on the part of Swartwout to pay the two notes, if there was no other proof, makes it a mortgage. 6 Litt. 457 ; 1 McMullen, chap. 1 ; 6 Vt. 448, 453.

The getting the deed by reason of the assignment of the certificate of purchase, does not change the relation of the parties. "Once a mortgage, always a mortgage." ' 21 Ill. 570.

There should have been an order of sale, so that defendants Garrisons could have bid, also Heacock, or creditors. 1 vol. P. S., p. 647, sec. 24 ; 6 Munf. 66.

The answer, denying that Swartwout was the owner of the certificate, and setting forth the whole arrangement, by which said certificate was assigned as security for an usurious loan, is responsive to the allegation of the bill, and being sworn to by defendants, must be taken as true. 19 Vt. (Washb.) 463.

Complainant had no claim on Heacock, or the land in question, beyond the amount of the principal sum, less the payments made. 1 P. S., 633; Laws 1857, pp. 45, 46; 24 Ill. 176; 23 Ill. 505; 21 Ill. 106; 22 Ill. 327; 3 Gilm. 547.

Heacock, the defendant, was sworn as a witness and fully proved the usury, as alleged in the answer.

He was a proper witness. 1 P. S., 634, sec. 7; *Fredlander* v. *Strawn*, 25 Ill.

It was proper to set up usury by answer. 23 Ill. 39, 40; Equity Digest, 597; 1 Barbour, 114.

Swartwout, the complainant, did not aver in his bill of complaint, nor did he prove, that he had ever offered or tendered the deed on his part of the land in question. He had no right to complain until he had put defendants in default; nor did he ever offer to return the notes made by Heacock to the trustees. Platt on Covenants, 86 to 90; 5 Gilm. 174; 21 Ill. 611, 617; 2 Hilliard on Vendors, 26; 1 Carter (Ind.) 413; 2 Watts & Serg. 227.

The railroad company having in 1857 condemned a portion of the land in question, under the act of 1855, and being the owner and in possession of some six or eight acres of the same, complainant could not give title as he agreed; he could not default defendants, or compel them to take a different title or tract than they had bargained for. 1 Sim. 29; 5 Gilm. 174; 16 Vesey, 272; 14 Vesey, 547; 2 Brock, 244; 2 Story Eq. I, sec. 778; 11 Ill. 194; 5 Cranch, 262.

The court, if it believed anything was justly due Swartwout on the contract, should, upon decreeing performance on the part of Heacock, have allowed him and defendants compensation for the damage and injury done the land in question, because of the railroad, and have deducted the same, and allowed the amount as so much payment, as it was

claimed by the answer. Complainant should do equity. 11 Ill. 194, 199 ; 2 Story Eq. I, secs. 775, 776 to 779, and notes 794, 796, 799 ; 2 Kent, (471) 603 ; 6 Paige, 407 ; 5 Cranch, 262.

There was no averment that by the contract, or any contract, the land was subject to the payment of taxes, and the allowance thereof was error. 11 Ill. 194 ; 21 Ill. 1.

E. AND A. VAN BUREN, for Defendant in Error.

The contract upon its face is one of bargain and sale. If the defendant wished to set up usury, he must first do equity by tendering, or offering to pay, the actual amount due. This he has not done. This is the rule where a complainant seeks to get rid of a contract upon the ground of usury, and it is submitted that the same rule should apply in the case of a defendant. 1 Paige Chan. R. 544 ; 3 ib. 533.

CATON, C. J. No case could be more clearly made out than this, of a loan of money and a sale and agreement to re-sell, for the purpose of covering up an usurious rate of interest agreed upon between the parties. The testimony is all one way, perfectly consistent with the appearance and completion of the transaction. We shall spend no time on this part of the case.

What, then, were the rights of the parties? Simply these. The complainant had a right to have his money back, with six per cent. interest, so soon as due, or, in default, to have the land sold as upon a decree foreclosing a mortgage. Indeed, in equity, the transaction was but a mortgage. The defendants have the right to have a conveyance of the land upon the payment of the original money loaned at six per cent. interest, adding such taxes as the complainant has paid, and deducting such payments as the defendant has made, and also the amount the complainant has received from the railroad company for the right of way. Here the defendants cannot have the benefit of any penalties or forfeitures given by the statute. When a party asks the court of equity for relief from the letter of his contract which he could not obtain at

law, the court will impose terms upon him to do equity. The decree is reversed, and the suit remanded for further proceedings consistently herewith.

*Decree reversed.*