Submitted without argument, decided February 28, 1911.

## KINNEY *v.* SMITH.

[113 Pac. 854.]

EQUITY—MAXIMS—DOING EQUITY.

1. Where plaintiff seeks equitable relief in having a deed adjudged a mortgage, he must show a willingness to do equity by paying the mortgage debt.

MORTGAGES—ABSOLUTE DEED AS MORTGAGE—ACTION TO DECLARE NATURE
    OF INSTRUMENT.

2. In an equitable action to have a warranty deed decreed a mortgage, where, prior to the execution thereof, plaintiff and defendant's husband had a settlement in which it was agreed that plaintiff owed defendant's husband $2,000, and that $300 thereof should be paid within two or three days, and $1,700 at any time within 90 days in redemption of the premises, and the deed was made to defendant's wife only for convenience, and

the complaint does not state the amount of the debt secured, but merely alleges that the deed was intended as security, and there was no allegation of any mistake or error in the instrument, the plaintiff had a right of redemption, but cannot reform or add terms to the instrument, as it contained all the terms originally intended.

MORTGAGES—DEED AS MORTGAGE—RULE OF CONSTRUCTION.

3. The courts are inclined to construe a deed a mortgage if, upon the evidence, there is any doubt as to whether it was intended as a conditional sale or a mortgage.

MORTGAGES—TITLE—MORTGAGEE.

4. A mortgage does not pass the title to the mortgagee, but is only a lien upon the property, the title remaining in the mortgagor, regardless of the form of the instrument, and title does not pass by an absolute deed which is intended as a mortgage.

MORTGAGES—DEEDS—CONDITIONAL SALE—EVIDENCE.

5. Where the expressed consideration of a deed was $2,000, and it was given to secure an indebtedness of $300 payable in three days and $1,700 in 90 days, evidence *held* to show that the transaction was a mortgage, and not a conditional sale.

From Coos: JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is a suit by L. D. Kinney against Bertha J. Smith and R. H. Smith, to have a deed decreed to be a mortgage. The facts, as brought out at the trial, are as follows:

On November 9, 1907, plaintiff executed and delivered to defendant Bertha J. Smith, wife of defendant R. H. Smith, a warranty deed, conveying to her 12 lots in the townsite of Coos Bay for the expressed consideration of $2,000. Plaintiff commenced this suit on January 20, 1908, to have the deed decreed to be a mortgage. It appears that prior to the execution of the deed plaintiff and R. H. Smith had a settlement, in which it was agreed that plaintiff owed R. H. Smith $2,000, and that $300 thereof should be paid within two or three days, and, as found by the lower court, plaintiff promised to pay, and defendant R. H. Smith agreed to receive, the $1,700 at any time within 90 days from that date in redemption of the premises. The deed was made to Bertha J. Smith only for convenience. The $300 was paid soon thereafter. The circuit court decreed that the deed was intended as a

mortgage, and "that plaintiff within 90 days from the date of filing this decree in the above-entitled court pay to the defendant R. H. Smith the said sum of $1,700, with interest thereon from November 9, 1907, at the rate of 6 per cent per annum; that upon the failure of plaintiff to make payment of said sum of money within said time that all interest of said plaintiff in or to said real property be barred and foreclosed; that thereafter said plaintiff have no further interest in said property or any part thereof." Plaintiff appeals.

MODIFIED AND AFFIRMED.

Submitted on briefs under the proviso of Rule 16 of the Supreme Court, 50 Or. 580 (91 Pac. viii.)

For appellant there was a brief over the name of *Mr. Charles A. Sehlbrede.*

For respondents there was a brief over the names of *Mr. John F. Hall, Mr. James T. Hall* and *Mr. J. W. Snover.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1. Plaintiff appeals from that portion of the decree which requires him to redeem; his contention being that by his complaint he did not seek to redeem, but to have the deed decreed to be a mortgage.

The complaint does not state the amount of the debt secured, only states that the deed was intended as a security for such sum as may be found to be due. There is no pretense that there was any mistake or error in the terms of the instrument. No doubt defendant's motion to require plaintiff to make the complaint more definite by stating the amount of the debt secured should have been allowed. When plaintiff seeks equitable relief, in having the deed adjudged to be a mortgage, he must show a willingness to do equity by paying the mortgage debt: 27 Cyc. 1030; *Cowing* v. *Rogers,* 34 Cal. 648; *Heacock* v. *Swartwout,* 28 Ill. 291.

2. There is no doubt of his remedy in equity to enforce his right of redemption, but he has no such remedy to reform or add additional terms to an instrument that is in the form and contains all the terms originally intended. The evidence of the whole transaction offered to establish the character of the deed discloses that there was no uncertainty as to the amount of the debt. The lower court evidently treated the complaint as one to redeem. The defendant has not appealed. Therefore he is not disputing the findings of the trial court that the deed is a mortgage. After reading the evidence, we are satisfied with that finding. The $2,000 being the expressed consideration of the deed, it undoubtedly stood as security for the $300 as well as the $1,700; the latter sum being payable at any time within 90 days. The defendant contends that it was a conditional sale, but the courts are inclined to construe the transaction as a mortgage if, upon the evidence, there is any doubt as to whether it was intended as a conditional sale or as a mortgage.

3. The courts generally incline against conditional sales and give the benefit of any doubt arising upon the evidence in favor of the grantor's right to redeem: Jones, Mortgages, 379; *Stephens* v. *Allen,* 11 Or. 188 (3 Pac. 168) ; *Elliott* v. *Bozorth,* 52 Or. 391 (97 Pac. 632.)

4. In this State a mortgage does not pass the title to the mortgagee. It is only a lien upon the property, the title remaining in the mortgagor (*Adair* v. *Adair,* 22 Or. 115, 130: 29 Pac. 193) ; and this is true regardless of the form of the instrument. It applied to an instrument in form a deed, but intended as a mortgage: *Thompson* v. *Marshall,* 21 Or. 171 (27 Pac. 957) ; *Adair* v. *Adair,* 22 Or. 115, 130 (29 Pac. 193) ; *Marx* v. *La Rocque,* 27 Or. 45, 47 (39 Pac. 401) ; *Ladd* v. *Johnson,* 32 Or. 195, 201 (49 Pac. 756) ; *Dekum* v. *Multnomah County,* 38 Or. 253, 260 (63 Pac. 496) ; *Starr* v. *Kaiser,* 41 Or. 170, 175 (68 Pac. 521) ;

Sig  6

*Marquam* v. *Ross,* 47 Or. 374, 423 (78 Pac. 698: 83 Pac. 852: 86 Pac. 1). The title to the property cannot pass to the mortgagee except by a foreclosure, as provided by the statute or a relinquishment by the mortgagor. *Thompson* v. *Marshall,* 21 Or. 171 (27 Pac. 957) ; *Lovejoy* v. *Chapman,* 23 Or. 571 (32 Pac. 687.)

5. Therefore, treating this as a suit to redeem, as the lower court did, all the facts being before the court, the decree of the lower court will be modified to the effect that plaintiff may redeem the property within 30 days after the mandate is filed in the lower court, or, in default thereof, the property shall be sold as upon foreclosure in the manner provided by law, plaintiff to recover costs in the court below, neither party to recover costs in this court.      MODIFIED AND AFFIRMED.