STONE, Administrator, et al., Respondents, v. LEAVITT, Appellant.

(168 N. W. 28.)

(File No. 4259. Opinion filed June 11, 1918.)

1. Foreclosure—Realty Sale Contract Assigned as Security, Completed Payments by Assignee, Deed Thereunder—Foreclosure by Assignee, Defense of Full Payment by Vendee—Right to Strict Foreclosure—Error.

Where one who held a realty purchase contract, assigned it as security for a debt owing to him to assignee, the latter having completed the payments to vendor thereunder, held, in a suit by administrator and heirs of assignee against assignor and one who held a judgment against him which was a lien of record, to foreclose under the assigned contract the assignor defending on the ground that he had paid not only the debt for which the contract was assigned as security, but had fully reimbursed for all payments required by the sale contract, that assignee had been in possession of the land and had failed to account for use thereof, and praying judgment for a deed to him by defendants, or vesting title in defendant —that trial court erred in decreeing plaintiffs entitled to strict foreclosure; that the rights of assignee of the contract are measured by the contract between him and assignor, not by the contract of sale assigned by defendant; that had the assignee, instead of taking the assignment, taken a deed from vendor subject to the sale contract, and vendee had then defaulted in payments under such contract, then plaintiffs, under Laws 1913, Ch. 138, providing for foreclosure under defaulted executory contracts for sale or exchange of realty, would have been entitled to strict foreclosure; that said assignment was a mortgage, and when the assignee took a deed, he held same as security under the contract between him and vendee, who could not be deprived of his rights save by ordinary foreclosure.

2. Evidence—Transaction With Deceased Person—Notes Paid by Assignee of Realty Sale Contract, Held and Offered by Assignor, as Evidence of Repayment, Whether Transaction With Decedent—Statute.

In a suit by administrator and heirs of one who took an assignment of a contract of realty sale from vendee as security for a debt owing by latter to former, and who made full payment under said sale contract and received a deed to the land, for coreclosure under the sale contract, vendee defending on ground that he had fully paid the debt to secure which the assignment was made, and that he had fully reimbursed

assignee for the land payments, **held,** that trial court erroneously excluded from evidence certain notes described in the land contract and paid by the assignee, which notes were produced and offered in evidence by defendant as evidence of such repayments; that the notes were not evidence relating to a transaction had or conversation with a deceased person, within the meaning of Laws 1913, Ch. 371, amending amended Sec. 486, Code Civ. Proc.

**3.   Pleadings—Co-defendants—No Issue Raised, Jurisdiction to Adjudicate.**

In a suit for foreclosure by administrator and heirs, under a contract of realty sale assigned by defendant vendee to the decedent, **held,** that in absence of an issue raised between defendant and a co-defendant who held a judgment lien on the realty as against such vendee, trial court had no jurisdiction to adjudicate between them.

Appeal from Circuit Court, Marshall County.   Hon. THOMAS L. BOUCK, Judge.

Action by Earl L. Stone, administrator of the estate of Will G. Boyd, and others as heirs, against A. E. Leavitt and another, for foreclosure under a contract of sale of realty. From a judgment for plaintiffs, and from an order denying a new trial, defendant Leavitt appeals. Reversed.

*Frank McNulty,* for Appellant.

*Potter & Potter,* and *Anderson & Waddel,* for Respondents.

(1)   To point one of the opinion, Appellant cited: Sec. 55, Chap. 2, Title 14, Civ. Code; Art. 2, Chap. 28 of Part 1, Code Civ. Proc.; Sec. 673, Code Civ. Proc.; Spengler v. Hahn, 95 Wis. 472, 70 N. W. 466; Yankton B. & L. Asso. v. Dowling, 10 S. D. 535, 74 N. W. 436; Shimerda v. Wohlford, 13 S. D. 155, 86 N. W. 634.; 27 Cyc. 1648; Moulton v. Cornish, 138 N. Y. 133, 33 N. E. 842, 20 L. R. A. 370 and note.

Respondents cited: Laws 1913, Ch. 138.

(2)   Under point two of the opinion, Appellant submitted that: Whether these notes were in Leavitt's possession and produced by him did not relate to a transaction had with deceased. Leavitt's possession of the notes was an independent fact entirely divorced from the manner in which he obtained possession; and cited: 3 R. C. L. 1286, Sec. 518; 12 Enc. of Ev. 895; Pritchard v. Pritchard, 69 Wis. 373, 32 N. W. 506; In re Havemeyer Estate, 39 N. Y. Sup. 550.

WHITING, P. J. Defendant L. entered into a written contract under which he contracted to purchase certain land, agreeing to pay a certain amount each year for several years, such payments being evidenced by promissory notes executed by L. After paying the first note L. assigned the said contract and his interests thereunder to one Boyd. Such assignment was in writing, and it assigned such contract and L.'s rights thereunder as security for certain indebtedness owing from L. to Boyd. Boyd made the payments called for by the contract, and received a deed to the land. Defendant H. held a judgment against L., which judgment was of record in the county where the land was situated. Alleging that L. had failed to pay the debts secured by the assignment of the land contract and the money paid by Boyd in carrying out the terms of said contract, plaintiffs, as administrator and heirs of Boyd, brought this action, seeking a strict foreclosure as against the defendants. L. answered, pleading payment in full of the debt for which the assignment was given, as well as payment to Boyd of the sum that had become due under the contract with the land company. He alleged that Boyd had been in possession of said land, and had failed to account for the use thereof; and he prayed a judgment, requiring the plaintiffs to execute to him a deed to said land, or in lieu thereof that the court render such judgment as would vest the title of said land in him, and that he recover such sum as the court should find due him from said Boyd because of the possession and use of said lands. Findings, conclusions, and judgment were entered, under which it was determined that a certain balance was due to plaintiffs from L.; that plaintiffs were entitled to strict foreclosure; that H. had a lien against the land, with the right of redemption from plaintiffs' judgment; that, in case H. redeemed, L., in order to redeem from him, should pay the amount paid by H. to redeem, as well as the amount of the judgment held by H. From such judgment and an order denying a new trial L. appeals.

Respondents question the sufficiency of the assignments of error, but we are of the opinion that the record herein is ample to present all the questions attempted to be raised by appellant under his assignments; and we are of the opinion that respond-

ents have presented no question of practice except such as has been heretofore clearly determined by the decisions of this court.

[1] Appellant contends that the trial court wrongfully decreed a strict foreclosure herein. In such contention appellant is clearly correct. Boyd's rights against L. are to be measured by the contract between them, and not by the contract which L. assigned to Boyd. If Boyd, instead of taking the assignment of the land contract, had taken a deed from the vendor subject to such land contract, and defendant L. had defaulted in his payments under such land contract, then plaintiffs, under chapter 138, Laws 1913, would have been entitled to strict foreclosure; but plaintiffs' rights rested entirely upon the terms of the assignment from the vendee, which assignment was confessedly given as security, rendering such assignment nothing more nor less than a mortgage. When Boyd took the deed to his land he held the same as security under the terms of the contract between him and L., and L. could not be deprived of his rights except by ordinary foreclosure. There was no more right of strict foreclosure then there would have been if L., instead of holding a contract for the purchase of said land, had held the title to said land and had conveyed said land to Boyd by a conveyance in form a deed, but intended as a mortgage. Under such circumstances plaintiffs' rights would be those of a mortgagee, and could only be enforced by an ordinary foreclosure; in which foreclosure proceedings they could recover the amount of the debt remaining unpaid, together with any sums which Boyd may have had to advance to protect his title to the land from incumberances, taxes, etc., less moneys received from, or the value of the use of, said land. While this error of the trial court would require a modification of the decree of such trial court so as to allow the ordinary redemption from foreclosure, yet it would not require a new trial.

[2] There are, however, other errors that require this cause to be sent back for a new trial. As above noted, it was the contention of appellant that he had not only paid the indebtedness secured by the assignment to Boyd, but that he had reimbursed Boyd for moneys paid by Boyd under the land contract. The court found that appellant had paid the indebtedness described

in the assignment, but found that he had not repaid the moneys paid by Boyd under the land contract. Appellant produced at the trial, and offered in evidence several of the notes described in the land contract, and which had been paid by Boyd to the vendor named in the land contract. This offer was clearly made in support of appellant's allegations that he had repaid Boyd for the moneys paid by Boyd on such notes. Respondents objected to the receipt of these exhibits, "for the reason that it is in contravention and in opposition to the statutes of the state of South Dakota, prohibiting the introduction of any evidence by the defendant relating to a transaction had or a conversation with a deceased (person), this being an effort to prove by this witness, the defendant, that these notes were paid by him to W. G. Boyd and therefore the notes are incompetent, being prohibited by the statutes above referred to." This objection was sustained, and the exhibits excluded, apparently upon the theory that this was evidence of a transaction between appellant and Boyd, since deceased. The ruling of the trial court was clearly erroneous. Certainly if appellant had made any payments to Boyd and Boyd had delivered to him a receipt duly signed by him, there is nothing in the statutes that would forbid appellant testifying to the handwriting and putting into evidence such receipt. The statute in question (chapter 371, Laws 1913) is not directed against or intended to exclude any such evidence. It was clearly competent for appellant to offer testimony showing that he had these notes in his possession, provided the possession of such notes was any evidence that he had repaid to Boyd the indebtedness evidenced thereby. We are of the opinion that the possession of such notes was evidence competent to be considered by the court in support of appellant's claim that he had repaid the advancements made by Boyd on the land contract. 3 R. C. L. p. 1286, § 518. This is especially true because there was some other evidence tending to show that appellant had turned over to Boyd some horses in at least part payment of what he owed Boyd on account of this transaction.

[3] Under the pleadings there was no issue raised as between defendants L. and H., and the trial court had no jurisdiction to adjudicate as between L. and H.

The judgment and order appealed from are reversed.