Argued April 3; modified May 1, 1934

LIBEL ET UX. v. PIERCE

(31 P. (2d) 1106)

*G. E. Hamaker,* of Portland, for appellant.

*Arthur I. Moulton,* of Portland (Lord, Moulton & Krause, of Portland, on the brief), for respondents.

CAMPBELL, J.  Plaintiffs owned a certain tract of real estate encumbered with mortgages adjacent to the Columbia Boulevard near Portland, Oregon, hereinafter referred to as the Columbia Boulevard prop-

erty. On this tract of land was located a combination dwelling house and store building, a stock of merchandise and a gasoline service station. Defendant owned two lots with houses thereon, encumbered with mortgages, in Portland. It appears that on or about May 4, 1931, they entered into a written agreement to exchange these properties subject to the encumbrances thereon. In plaintiffs' agreement to sell, the exception of the encumbrances reads as follows:

"Free and clear of all encumbrances except first mortgage of $4,000 with interest at 7% per annum due in 1933 and a second mortgage of $1,000 due in 1932 at 6% per annum."

In addition to the property defendant was to convey to plaintiffs, he was to pay- the sum of $1,000, and $317.80 that plaintiff had advanced for taxes, in cash. On May 9, 1931, plaintiffs executed a general warranty deed conveying the property described in their contract of exchange, to defendant, warranting the title against all incumbrances,

"Except a first mtg. to the Penninsula Security Company in the sum of $4,000 with interest thereon at 7% per annum payable quarterly; and a 2nd mtg. to C. O. Barnes and Mary E. Barnes of Goldendale, Washington in the sum of $1,000 due in April 1932 with interest thereon at 6% per annum."

Defendant was unable to raise the amount of cash agreed upon and on June 3, 1931, conveyed by deed absolute on its face, but as security for that sum, Lot 7, Block 13, Loveleigh, an addition to the city of Portland, Multnomah county, Oregon. The consideration stated in the deed was $3,500. On the same day plaintiffs executed a contract agreeing to reconvey said premises to defendant, in consideration of "Thirty-five hundred

dollars * * * $2,180.20 in cash the receipt whereof is hereby acknowledged, and the remainder in one installment * * * $1,317.80 with interest at 7% per annum * * * on or before the 3rd day of Sept. 1931.'' Time was made of the essence of the contract and in case the payment was not made promptly defendant was to forfeit all right and interest in or to the property including the amount paid. Defendant remained in possession of said house and lot. Notwithstanding that the contract stated that $2,180.20 had been paid, in fact no money had been paid in the transaction. Shortly prior thereto defendant entered into possession of the Columbia Boulevard property together with the personal property located thereon. He thereupon proceeded to dispose of the personal property from which he received the sum of approximately $900. Defendant failed to pay any part of the $1,317.80 when it was due, or at any other time, so on January 8, 1932, plaintiffs began this suit for strict foreclosure of said contract of sale.

To plaintiffs' complaint, defendant filed an answer denying all the material allegations in said complaint except that he admitted having entered into the contract as alleged in the complaint. For a further and separate answer, he admitted entering into the contract and alleges in effect that because plaintiffs did not exercise their option to declare the contract void, and forfeit the money paid thereon immediately upon the maturity of the said option, that plaintiffs had no right to commence this suit without first having notified defendant that they, plaintiffs, intended to insist on the clause in the contract making time of its essence; that because plaintiff did so begin this suit defendant now exercises his option to declare all amounts heretofore paid on said contract a lien on said prop-

erty and asks that the said sum of $2,180.20 be declared by the court a lien against said property in favor of defendant and that it be foreclosed and that defendant have judgment for that sum.

For a further and separate answer and by way of counterclaim, defendant alleges in effect that he was defrauded by reason of the alleged representations made by plaintiffs, that the said $4,000 mortgage would be due in 1933, when, in truth and in fact said mortgage was past due at the time plaintiffs made the contract. He further alleges that he was defrauded by the alleged false representations of plaintiffs that the $1,000 mortgage would not be due until April, 1932, when in truth and in fact said mortgage was due March 23, 1932; that the owner of the $4,000 mortgage foreclosed the same and the property was sold at sheriff's sale on February 1, 1932; that the defendant was damaged thereby in the sum of $2,500 for which he asks judgment.

The court found against the defendant on his counterclaims and entered an interlocutory decree of strict foreclosure giving defendant 30 days in which to pay the indebtedness. The defendant having failed to pay within the time provided, a final decree was entered declaring the defendant forever barred of any right or equity in said premises. Defendant appeals.

Taking the view that plaintiffs' deed from defendant was only a mortgage and the agreement to reconvey merely fixed the time when the mortgage became due, the question of notice to the defendant becomes immaterial.

■ It will be observed that the exceptions in the contract entered into between plaintiffs and defendant on May 4, 1931, regarding the due dates of the mortgages on the Columbia Boulevard property, are not

the same as those contained in the warranty deed executed on May 9, 1931, there is no allegation in the answer of defendant that any mistake was made in the preparation of the deed, being the final instrument, and it will be presumed that the deed contained the whole agreement: Oregon Code 1930, § 9-212; Id. 9-214. Defendant failed to pay the quarterly interest on the $4,000 mortgage due in July, 1931. At no time did he make or offer to make payments thereon. Thereafter the holder of the mortgage began a foreclosure suit thereon resulting in judgment and decree and sheriff's sale of the mortgaged property February 1, 1932.

A careful reading of all the evidence leads us to the same conclusion as the learned trial judge reached in his findings on defendant's counterclaims and we adopt his findings on those issues of the cause.

The evidence of both plaintiffs and defendant is that the deed, executed by defendant, to Lot 7, Block 13, Loveleigh, an addition to the city of Portland, Multnomah county, Oregon, was executed by him and was accepted by plaintiffs as security for an existing indebtedness and not as a discharge of the debt. Therefore, the said deed, though absolute on its face, is merely a mortgage. This has been the law of this state since the case of *Stephens v. Allen,* 11 Or. 188 (3 P. 168). In this state a mortgage does not convey title to real property, but only creates a lien thereon. This has been the settled law in this state ever since the case of *Anderson v. Baxter,* 4 Or. 105. The latest expression will be found in *McLennan v. Holbrook,* 143 Or. 458 (23 P. (2d) 137). A lien upon real property must be foreclosed in the manner provided by law.

"A lien upon real or personal property * * * whether created by mortgage or otherwise, shall be

foreclosed, and the property adjudged to be sold to satisfy the debt secured thereby by a suit, * * *.'' Oregon Code 1930, § 6-501, and see innumerable cases cited thereunder.

"This language is too plain and direct to be misunderstand. Its import cannot admit of discussion. The lien shall be foreclosed by suit. This cuts off every other method of foreclosure. * * * To give full effect to the language of the code under consideration, it must be given a wider import; and, that is, to render imperative a foreclosure by suit of the liens specified and provided for in the section." Thompson v. Marshall, 21 Or. 171 (27 P. 957); Caro v. Wollenberg, 68 Or. 420 (136 P. 866).

In *Blackwell v. Johnson,* 127 Or. 673 (273 P. 332), this court said:

"If the original debt continued and the execution of the deed was merely to secure its payment, then, no matter what means or subterfuges were resorted to, to make the transaction appear proper and absolute, it is still a mortgage, but there is nothing in law or morals to prevent a creditor from taking a deed in payment of his debt, and giving to the debtor the privilege of repurchasing the property within a certain time."

In the instant case the evidence is undisputed that defendant executed his deed to the above described Lot 7 as security for the amount named in the option to repurchase. Plaintiffs' testimony is that the property in question is worth $2,000 while defendant testified it is of the value stated in the deed, to wit, $3,500. It would be manifestly unjust to permit plaintiffs to obtain property worth, at their own estimate, $2,000, in payment of $1,317.80, and interest thereon at 7% for 90 days, because defendant was unable to pay the debt when it became due.

Under this state of the record, the learned trial court was in error in granting a strict foreclosure of the contract and the decree will be set aside and one entered here declaring the deed, executed by defendant on June 3, 1931, conveying to plaintiffs Lot 7, Block 13, Loveleigh, an addition to the city of Portland, Multnomah county, Oregon, to be a mortgage; that the same be foreclosed, the property sold and the proceeds accounted for in the manner provided by law. Neither party to recover costs in this court.

It is so ordered.

RAND, C. J., and BEAN and ROSSMAN, JJ., concur.