Argued May 6, affirmed September 18, 1963

# HERRMANN *v.* CHURCHILL ET UX
### 385 P. 2d 190

*Leo Levenson,* Portland, argued the cause for appellants. With him on the brief were LeRoy B. Skousen, Victor Levy, and Skousen & Holmes, Portland.

*Ronald L. Marceau,* Bend, argued the cause for respondent. With him on the brief were Roy Kilpatrick, Canyon City, and McKay, Panner & Johnson, Bend.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

PERRY, J.

The plaintiff brought this action to recover from the possession of the defendants certain lands which had been conveyed by deed from defendants to the plaintiff. The defendants filed an answer and cross-complaint in equity alleging that the deed was in effect a mortgage given to secure a debt due from defendants to plaintiff in a certain sum, and that they "were ready, willing and able to repay [that sum] * * * upon plaintiff furnishing to defendants a sufficient deed to the property."

The defendants prayed relief, as follows:

"1. That the deed described in the complaint from the Benders to W. E. Herrmann be deemed

and declared a mortgage given to secure the $34,700 loan and not a deed.

"2. That the plaintiff be required to reconvey to the defendants the real property described in paragraph II of this Answer; the title to be in the same condition as when received by plaintiff.

"3. That the plaintiff be required to foreclose by proper foreclosure suit any interest which the defendants may have under said mortgage.

"4. That the plaintiff W. E. Herrmann be declared to have no right, title, or interest in and to the real property described herein other than a mortgage.

"5. That in the event W. E. Herrmann fails to give a deed as above described to the defendants that this decree shall serve and act as said deed.

"6. For such other and further relief as to the court may seem just and proper."

The trial court sitting in equity on the cross-complaint of the defendants found that a debt greater than the amount alleged by defendants was due the plaintiff and that the deed was given as security for the debt, and therefore to be considered as a mortgage to secure the debt. The court then entered a judgment for the amount found due from the defendants to the plaintiff and decreed that the defendants should have the right to redeem the land upon payment of the amounts due plaintiff, and on failure to redeem, they were "forever barred and foreclosed" from any interest in the land. From the decree entered by the court, the defendants appeal.

██ The defendants' first contention is that a court of equity having found the deed to have been given to secure a debt, and thus in law to be treated as a mortgage, did not have the power to enter a judgment in the nature of a strict foreclosure, but was required

to order foreclosure in accordance with the provisions of ORS 88.070. The defendants also contend that if a court of equity has the power to enter a decree in the nature of strict foreclosure, nevertheless it should not have done so under the facts in this case. While this proceeding is in equity and this court is permitted to re-try the facts, we cannot consider this latter question, as the record made in the trial court was not placed before us, though there is no question but that if the facts of the case require a sale of the land to effect justice, a court of equity may so decree. *Libel v. Pierce,* 147 Or 132, 31 P2d 1106; *Sheehan v. Mc-Kinstry et al,* 105 Or 473, 210 P 167.

As to the defendants' first contention, it must be pointed out that this is not a suit to foreclose a mortgage.

The plaintiff claimed to be the owner in fee of the premises and entitled to the possession thereof. The defendants, if they desired to submit this matter of right of possession to a court of law, could have established a complete defense on proof that the deed was in contemplation of law a mortgage, for ORS 86.010 provides in part:

"A mortgage of real property is not a conveyance so as to enable the owner of the mortgage to recover possession of the property without a foreclosure and sale. * * *"

■ A deed absolute on its face may be shown in an action at law to be a mortgage. *Purdy v. Underwood,* 87 Or 56, 169 P 536; *Nellas v. Carline,* 161 Minn 157, 201 NW 299; *Jordan v. Warner's Estate,* 107 Wis 539, 83 NW 946.

Under a statute of the same tenor as ORS 86.010, the court held that possession of real property under

a deed absolute, in law a mortgage, if wrongfully obtained, was wrongful. *Fond v. McCreery,* 55 Idaho 144, 39 P2d 766.

As is apparent, the defendants were not content to defend only their right of possession, but called upon a court of equity to determine all of the rights of the parties in and to the land in question. They sought to have the amount of their debt determined and the right to require the plaintiff to reconvey the property to them.

■ A suit to foreclose a mortgage would not accomplish this, for on determination of the debt, the property would be sold to the highest and best bidder at sheriff's sale. Also, in this suit, the question as to the fee simple title to the property had to be decided. A statutory foreclosure suit is not for the determination of any right of title in realty, but the right to have certain property adjudged sold to satisfy an enforceable debt. *Schleef v. Purdy et al,* 107 Or 71, 214 P 137.

As stated, we do not have the record before us, but from the pleading and judgment entered, it appears the defendants did not agree at the time the debt was created to repay the debt, but only agreed that if they did not repay in a certain time the land should become the property of the plaintiff. This, of course, distinguishes a transaction where a deed is given, from a mortgage transaction where the mortgage is given as security for the promise to pay the debt. It is clear, therefore, the defendants, in enlisting the aid of equity, were seeking the right to redeem after they had failed to pay the moneys due in the time agreed upon. In other words, although defendants could not be required by the agreement to pay the debt, they now wished

however to do so that they might retain title to the land.

It is well established that he who seeks equity must do equity, and "Where a party seeks relief by having a deed adjudged a mortgage, he must show willingness to do equity * * *," that is, by offering to pay the debt. *Colahan v. Smyth,* 159 Or 569, 576, 81 P2d 112; *Kinney v. Smith,* 58 Or 158, 113 P 854. This offer to do equity is a condition precedent to any relief. *Weatherwax v. Heflin,* 244 Ala 210, 12 So2d 554; 59 CJS 99, Mortgages, § 58(b); 36 Am Jur 790, Mortgages, § 196; 2 Jones on Mortgages, 8th Ed, 882, § 1398.

It is thus seen that the trial court's decree is not based upon the foreclosure of the deed as a mortgage, but is based upon the power of equity to prevent forfeitures by declaring the deed to be a mortgage and permitting redemption or discharge of the debt on an equitable basis. Having sought relief in equity, the defendants are required to do equity by making the plaintiff whole—this by paying in full the moneys due him and not leaving to chance a sale of the land sufficient after foreclosure to make him whole.

Every jurisdiction in this country which has passed upon this question, insofar as our research discloses, has held that the statutes as to foreclosure of mortgages are inapplicable in a suit to have a deed absolute declared a mortgage.

At this point it should be understood that there is a clear distinction between the statutory right of redemption and the equitable right of redemption. *Portland Mtg. Co. v. Creditors Prot. Ass'n.,* 199 Or 432, 262 P2d 918; *Higgs v. McDuffie,* 81 Or 256, 157 P 794, 158 P 953; *Sellwood v. Gray & DeLashmutt,* 11 Or 534, 5 P 196. "The right of redemption is a creature of the statute, and * * * arises only after

a sale upon a decree including a personal judgment against a defendant * * *" (*Higgs v. McDuffie,* supra, 81 Or at 263), while the equitable right of redemption is a creature of equity to relieve against forfeitures and "is entirely independent of the statutory right to redeem after sale, * * *." *Sellwood v. Gray & DeLashmutt,* supra; 59 CJS 1560, Mortgages, § 817. Since the defendants, as plaintiffs on their cross-complaint, are in equity seeking redemption, they are entitled as a matter of right only to the equitable right of redemption, not statutory, if the statutes governing foreclosure do not apply. This court so held in *Murray v. Wiley,* 169 Or 381, 127 P2d 112, 129 P2d 66, a suit to have a deed absolute declared a mortgage, where we carefully pointed out:

> "* * * We were under the impression that in the event of plaintiff's failure to redeem after accounting, a sale on foreclosure, subject to redemption, would be necessary in order to extinguish the plaintiff's interest in the property, in accordance with O.C.L.A. 9-501 [now ORS 88.010] which provides in substance that liens on real property shall be foreclosed and the property advertised to be sold to satisfy the debt secured thereby. *Upon further consideration, however, we have concluded that the statute is not controlling under the facts of this case.* It is obvious that by reason of the redemption from the sale on the first mortgage by the purchasing defendants, the plaintiff has, as to that sale, already enjoyed more than a year after the foreclosure sale within which he will be entitled to redeem. There is no reason in equity and good conscience for allowing him another year for redemption after another sale on foreclosure. *Furthermore, this is not a suit instituted by the mortgagees to foreclose a mortgage. It is a suit by the mortgagor to redeem.* * * *" (169 Or 381 at 420). (Emphasis ours).

Some confusion may be created by our statement "under the facts of this case," (169 Or 381 at 420) and the statement, "This being a suit by the mortgagor to redeem, provisions concerning sale on foreclosure being for the benefit of the mortgagor and plaintiff having prayed only for relief in the nature of strict foreclosure, we are of the opinion that we are authorized to and in equity we should modify the last sentence of our former opinion * * *" (169 Or 381 at 424) in that the impression may be gained that since the mortgagor only asked for strict foreclosure, he waived his rights to require statutory foreclosure by the mortgagee.

A careful reading of the opinion will dispel this error. The statement "under the facts of this case" refers to the nature of the action. The latter statement refers to the power of equity to enter a decree providing for either a judicial sale of the property, and an accounting for any overplus should the property sell for more than the debt, or one in the nature of strict foreclosure, depending upon the particular circumstances of the case, and since the mortgagor by his prayer that it was equitable that the decree should provide for strict foreclosure and the facts of the case were compatible with that prayer, this court would so decree.

The judgment of the trial court is affirmed, with leave for the defendants to redeem within 20 days after the mandate is spread of record.

O'CONNELL, J., dissenting.

If defendants had executed a mortgage in the usual form they would have had the right to insist upon a foreclosure by sale. ORS 88.010 and 86.010 express the

policy that foreclosure by sale is the exclusive method of foreclosing a mortgage in this state.[①]

An absolute deed given to secure a debt is a mortgage. As Osborne on Mortgages (p. 187) states: "Whenever a deed absolute on its face is established as a mortgage, the general rule is that as between the

---

[①] ORS 88.010 provides as follows:

"Except as otherwise provided by law, a lien upon real or personal property, other than that of a judgment or decree, whether created by mortgage or otherwise, shall be foreclosed, and the property adjudged to be sold to satisfy the debt secured thereby by a suit. Except as provided in ORS 88.070, in addition to the decree of foreclosure and sale, if a promissory note or other personal obligation for the payment of the debt has been given by the lien debtor or any other person as principal or otherwise, the court also shall decree a recovery of the amount of the debt against such person or persons, as the case may be, as in the case of an ordinary decree for the recovery of money. The provisions of this chapter as to liens upon personal property are not intended to exclude a person having such lien from any other remedy or right in regard to such property."

ORS 86.010 provides as follows:

"A mortgage of real property is not a conveyance so as to enable the owner of the mortgage to recover possession of the property without a foreclosure and sale. This section is not intended as a limitation upon the right of the owner of real property to mortgage or pledge the rents and profits thereof, nor as prohibiting the mortgagee or pledgee of such rents and profits, or any trustee under a mortgage or trust deed from entering into possession of any real property, other than farm lands or the homestead of the mortgagor or his successor in interest, for the purpose of operating the same and collecting the rents and profits thereof for application in accordance with the provisions of the mortgage or trust deed or other instrument creating the lien, nor as any limitation upon the power of a court of equity to appoint a receiver to take charge of the property and collect the rents and profits thereof."

Murray v. Wiley, 169 Or 381, 401, 127 P2d 112, 129 P2d 66 (1942); Harper v. Interstate Brewery Co., 168 Or 26, 120 P2d 757 (1942); Libel v. Pierce, 147 Or 132, 31 P2d 1106 (1934); Cordrey v. Steamship "Bee," 102 Or 636, 656, 201 P 202 (1922); Caro v. Wollenberg, 68 Or 420, 136 P 866 (1914); Marquam v. Ross, 47 Or 374, 78 P 698, 83 P 852, 86 P 1 (1905); Thompson v. Marshall, 21 Or 171, 27 P 957 (1891).

parties it will be treated as though it were a mortgage executed in regular form." The rule arose because equity deemed it necessary to protect the borrower, usually in necessitous circumstances, from the importunity of the lender who sought to deprive the borrower of the benefits of foreclosure. This policy of protecting the borrower's equity of redemption by requiring foreclosure is essentially the same as that which underlies ORS 88.010. Under the statute, the borrower can demand that foreclosure take the form of a judicial sale.[*] The statute does not empower the court to substitute strict foreclosure in lieu of the prescribed foreclosure by sale. The mortgagor should have the same right to insist on foreclosure by judicial sale whether the mortgage is cast in the usual form or takes the form of an absolute deed.

Osborne on Mortgages, p. 187, after noting that the lender-transferee of a deed absolute mortgage has the same right of foreclosure as a mortgagee holding a mortgage in usual form, explains: "This general doctrine, however, does not apply to permit a strict foreclosure of a deed absolute mortgage." As authority for this statement Osborne cites *Libel v. Pierce,* 147 Or 132, 31 P2d 1106 (1934). In that case we said:

> "* * * [T]he said deed, though absolute on its face, is merely a mortgage. * * * In this state a mortgage does not convey title to real property, but only creates a lien thereon * * *. A lien upon real property must be foreclosed in the manner provided by law. [Quoting ORS 88.010]" 147 Or at 136.

---

[*] Libel v. Pierce, 147 Or 132, 31 P2d 1106 (1934); Cordrey v. Steamship "Bee," 102 Or 636, 656, 201 P 202 (1922); Caro v. Wollenberg, 68 Or 420, 136 P 866 (1914); Marquam v. Ross, 47 Or 374, 78 P 698, 83 P 852, 86 P 1 (1905); Thompson v. Marshall, 21 Or 171, 27 P 957 (1891).

The opinion went on to hold that the lower court had erred in granting strict foreclosure. The cause was remanded with directions to foreclose the mortgage by judicial sale. There is no essential difference between the *Libel* case and the case at bar.

The majority attach significance to the manner in which the borrower asserts his right to foreclosure by sale. Apparently if defendants had sought only to defend their right of possession, plaintiff would have been forced to foreclose the mortgage by judicial sale. However, the majority holds, that because defendants "called upon a court of equity to determine all of the rights" under their agreement, they must settle for strict foreclosure.

Why should the legislative policy of guaranteeing foreclosure by judicial sale apply only when the mortgagor acts defensively and not when he asks for affirmative relief? Neither the statute nor its legislative history provide the basis for argument that the mortgagor's right should be so limited. This is not to say that the strict foreclosure cannot be decreed if the mortgagor asks for it. In *Murray v. Wiley*, 169 Or 381, 127 P2d 112, 129 P2d 66 (1942) the court held that where plaintiff mortgagor prayed only for relief in the nature of strict foreclosure the decree was properly entered in that form.

It is true that in the *Murray* case the court emphasized the point that the mortgagor had brought a suit to redeem and that it "was not a suit by the mortgagees to foreclose a mortgage." *Id.* at 420, 129 P2d at 67. However, the contrast was alluded to in developing the point that "[t]he requirement that in suits brought for the foreclosure of a mortgage the property shall be sold subject to the right of redemption by the mortgagor is obviously for the benefit of the mortgagor."

*Ibid.* The court went on to clarify the fact that the mortgagor had not asked for a sale subject to redemption, but prayed only for relief in the nature of strict foreclosure." *Id.* at 424.

Admittedly, some of our cases leave doubt as to the right of a mortgagor to insist upon foreclosure by sale. *Colahan v. Smyth,* 159 Or 569, 81 P2d 112 (1938) contains general language to the effect that one who seeks to have a deed declared a mortgage must show a willingness to do equity by paying the mortgage debt. The court did not expressly hold that under such circumstances ORS 88.010 would be inapplicable. *Kinney v. Smith,* 58 Or 158, 113 P 854 (1911) clearly demonstrates that this court does not regard the "seek equity—do equity" formula as incompatible with the right of the mortgagor to insist upon foreclosure by sale. In that case, after stating that when plaintiff seeks to have a deed adjudged a mortgage he must show a willingness to do equity by paying the mortgage debt, the court went on to say that when an absolute deed is given for security purposes "[t]he title to the property cannot pass to the mortgagee except by foreclosure, as provided by the statute or a relinquishment by the mortgagor." *Id.* at 162. A decree of strict foreclosure was modified and the property was ordered to "be sold as upon foreclosure in the manner provided by law." *Ibid.*

Although the cases are in conflict, authority in other jurisdictions supports the proposition that a mortgagor need not pay the mortgage debt as a condition to relief in a suit seeking to have a deed declared a mortgage. Illustrative is *Reese v. Rhodes,* 3 Ariz 235, 73 P 446, 447 (1890), where the court said:

"* * * We do not think that the appellant in such a case should be required to pay or tender the

amount of the indebtedness before seeking the relief he here asks. To do so would or might be to deny him relief at all, for he might not be able to pay. But that fact should not deprive him of his right to have the mortgage foreclosed, and the payment to him of the surplus of the proceeds of a sale of the property above the amount necessary to pay the mortgage debt. The court could do full justice to the parties, if, in fact, the transaction constituted a mortgage, by fixing a new day for the payment of the debt, and in default thereof order a sale of the premises to pay the debt and foreclosure of the mortgagor's equity of redemption."[9]

The case of *Stone v. Leavitt,* 40 S D 467, 470, 168 NW 28, 29 (1918) is closely in point. In that case defendant Leavitt contracted to purchase land and assigned his rights under the contract to one Boyd as security for certain debts owed by Leavitt to Boyd. Boyd made payments called for by the contract of purchase and received the deed from the vendor. Boyd's administrator sought and received a strict foreclosure in the lower court. In holding that the lower court erred in allowing strict foreclosure instead of foreclosure by sale, the South Dakota Supreme Court said:

"* * * Boyd's rights against L. are to be measured by the contract between them, and not by the contract which L. assigned to Boyd. If Boyd, instead of taking the assignment of the land contract, had taken a deed from the vendor subject to such land contract, and defendant L. had defaulted in his payments under such land contract, then plaintiffs, under chapter 138, Laws 1913, would have been entitled to strict foreclosure; but plaintiffs' rights rested entirely upon the terms of the assignment from the vendee, which assignment was confessedly given as security, rendering such assignment nothing more nor less than a mortgage.

---

[9] Cf., Reitze v. Humphreys, 53 Colo 177, 125 P 518 (1912).

When Boyd took the deed to this land he held the same as security under the terms of the contract between him and L., and L. could not be deprived of his rights except by ordinary foreclosure. There was no more right of strict foreclosure than there would have been if L., instead of holding a contract for the purchase of said land, had held the title to said land and had conveyed said land to Boyd by a conveyance in form a deed, but intended as a mortgage. Under such circumstances plaintiffs' rights would be those of a mortgagee, and could only be enforced by an ordinary foreclosure. * * * "

The foregoing reasoning is applicable to the case at bar. Defendants are entitled to a foreclosure by judi- cial sale.

The majority opinion makes it possible for a lender to render ORS 88.010 completely inoperable simply by putting the mortgage transaction in the form of an absolute deed. He can dispense with foreclosure by sale and proceed in ejectment, insisting upon strict foreclosure if the mortgagor attempts to assert his rights as a mortgagor. This the legislature did not intend.

McALLISTER, C. J., and DENECKE, J., join in this dissent.