# CHRISTY,
*Appellant,*

*v.*

# CAMPBELL,
*Respondent.*

(No. 40-966, CA A20346)

645 P2d 573

Carol Wright, Portland, argued the cause for appellant.
On the brief was James E. Auxier, Portland.

Gary L. Vigna, Portland, argued the cause for respondent. On the brief were Lew E. Delo and Delo & Delo, Portland.

Before Gillette, Presiding Judge, and Young, Judge, and Roberts, Judge Pro Tempore.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiff appeals from a trial court decision granting defendant's motion for summary judgment on defendant's counterclaims for unjust enrichment and money had and received in connection with plaintiff's alleged conversion of money paid to plaintiff by defendant for the benefit of a third party. We reverse.

Plaintiff, Alex Christy, is an attorney who represented Mr. and Mrs. Paul McKenzie in various legal matters. The McKenzies became indebted to Christy for legal fees. As security for payment of those fees, the McKenzies conveyed their home to Christy. The deed showed absolute title in Christy and was recorded in his name in 1977. The parties agreed that Christy would hold the property for the McKenzies and that they would make monthly payments and continue to live on the property until they could pay the attorney fees. Christy then refinanced the property in his own name, giving a personal promissory note to obtain the loan.

The McKenzies subsequently became delinquent in their payments to Christy, and foreclosure seemed eminent. Mr. McKenzie contacted defendant, Robert Campbell, to raise the money required for the deliquent payments. Campbell, a business associate of McKenzie, agreed to provide the $3,851.48 then owing. It is unclear whether Campbell had owed the money to McKenzie previously and was repaying it or whether he was making a loan.

Mr. McKenzie instructed Campbell to give the check to Christy, made out to Oregon Trail Savings and Loan, the mortgagee of the property, and with a notation indicating that it was for McKenzie's house payment. Campbell contacted Christy, who told Campbell that he held the deed to the property, that he was not authorized to give Campbell any security for the funds he was advancing and that Campbell should consult with Mr. McKenzie and with an attorney. Campbell nonetheless delivered the check to Christy. The McKenzies made monthly payments on the property for approximately one year thereafter. When they realized that they would be unable to pay the attorney fees they owed to Christy, they instructed Christy to sell the property.

The present case arose from a suit by Christy against Campbell for a declaratory judgment.[1] Campbell's answer to Christy's complaint contained three counterclaims—two for restitution on a quasi-contract theory and one for fraud. Both parties filed motions for summary judgment as to Campbell's counterclaims. The motions were initially denied. On reconsideration, however, Christy's motion for summary judgment as to Campbell's fraud counterclaim was granted, and Campbell's motions as to the two counterclaims for restitution were granted. This appeal concerns only the summary judgment granted on the two restitution claims.

Campbell's first counterclaim alleged that he had delivered a check to Christy in the amount of $3,851.48, payable to Oregon Trail Savings and Loan, that Christy was unjustly enriched by the payment, that Campbell had demanded return of the money and that Christy had refused. In his second counterclaim, Campbell alleged that Christy had become indebted to him in the same amount for money had and received.

Appealing the summary judgment in Campbell's favor, Christy does not dispute the trial court's determination that no genuine issue of material fact existed. He argues, however, that the trial court applied the law to the undisputed facts incorrectly.

■ ■ The basis of Campbell's claims for unjust enrichment and money had and received was that he was not aware that Christy held the deed to the property in his own name; Christy had told Campbell that he held the deed to the property as security. Yet Campbell alleged in his affidavit supporting his motions for summary judgment:

"2. I drafted and delivered the check to Alex Christy in reliance on the understanding and representation by Mr. Christy that the check would be applied towards Paul A. McKenzie's mortgage payments to Oregon Trail Savings and Loan.

"3. Alex Christy did not disclose that he was the mortgagor on the mortgage with Oregon Trail Savings and Loan.

---

[1] The declaratory judgment suit was decided in Christy's favor and was not appealed.

"4. I did not intend to pay Alex Christy's mortgage payments under his mortgage with Oregon Trail Savings and Loan."

The problem with this case is that the fact relied on by Campbell in his counterclaims—that he thought the deed Christy held was in McKenzie's name rather than in Christy's name—has no legal significance. A deed executed by a debtor to a creditor, and intended as security, though indicating absolute title in the creditor on its face, is merely a mortgage. *Libel v. Pierce,* 147 Or 132, 136, 31 P2d 1106 (1934); *see Braunstein v. Trottier,* 54 Or App 687, 692, 635 P2d 1379 (1981), *rev den* 292 Or 568 (1982). A mortgage creates only a lien or encumbrance and does not abrogate the mortgagor's legal title to the property. *Sam Paulsen Masonry Co. v. Higley,* 276 Or 1071, 1075, 557 P2d 676 (1976); *McLennan v. Holbrook,* 143 Or 458, 461, 23 P2d 137 (1933).

■ The check Campbell gave to Christy had exactly the effect that Campbell intended—it constituted a payment on land to which the McKenzies had equitable title, subject to Christy's security interest. Campbell admittedly knew that Christy was holding the property as security for a debt owed to Christy by the McKenzies. The risk that Christy might eventually be entitled to foreclose on his security interest in the property was inherent in such a transaction. Campbell cannot now argue that he made the payment under a mistake of a *material* fact.

The documents supporting the summary judgment motions do not indicate whether the money Campbell paid constituted repayment of a debt to McKenzie or a loan to him. If he was repaying a loan to McKenzie, Campbell's debt presumably was reduced by the amount of the payment. If Campbell made a loan to McKenzie, he had presumably the right to repayment of that loan from McKenzie. Campbell is not entitled in either case to require Christy to return the payment.

Summary judgment for defendant reversed; remanded for further proceedings.